[No. 16915. Department One. March 6, 1922.]

JOHN F. MADDOX, *Appellant*, v. INDUSTRIAL INSURANCE COMMISSION, *Respondent*.[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION—CLASSI-FICATION OF INJURIES — AWARD — JURISDICTION — REVIEW — STATUTES. The superior court has no original jurisdiction to determine the classification of injuries received by one who is entitled to compensation under the workmen's compensation act, its province in such matters being to pass upon appeals from final decisions of the commission.

SAME (121-2)—DECISION OF DEPARTMENT—APPEAL—EFFECT OF DISMISSAL WITH PREJUDICE. A judgment dismissing an action "with prejudice" wherein the original jurisdiction of the superior court had been improperly invoked in a case under the workmen's compensation act, when the question was properly one in the first instance for the industrial insurance commission, was not erroneous, since it did not foreclose a hearing before the commission nor preclude a rehearing before the court on appeal from the commission's decision.

JUDGMENT (182, 213-1) — CONCLUSIVENESS — BAR — DISMISSAL FOR WANT OF JURISDICTION. The dismissal of an action "with prejudice" by a court not having jurisdiction does not operate against a full and fair hearing subsequently before a tribunal properly invested with jurisdiction to hear the controversy.

Appeal from the judgment of the superior court for Pierce county, Clifford, J., entered August 2, 1921, upon sustaining a demurrer to the complaint, dismiss-

[1]Reported in 204 Pac. 1057.

ing an action to obtain a reclassification of injuries under the workmen's compensation act, and for an award of compensation. Affirmed.

*P. L. Pendleton,* for appellant.

*The Attorney General* and *John H. Dunbar, Assistant,* for respondent.

PARKER, C. J.—The plaintiff, Maddox, commenced this action in the superior court for Pierce county by summons and complaint as an ordinary action, seeking a judgment directing the industrial insurance commission to reclassify his injury, received in an extrahazardous occupation, as one of total disability, and to make him an award accordingly; his injury having theretofore been classified by the commission as one of lesser degree and he having been awarded compensation accordingly. The commission demurred to plaintiff's complaint upon the ground, among others, of want of jurisdiction in the superior court; which demurrer was by the superior court sustained. The plaintiff. having elected to stand upon his complaint and not plead further, judgment of dismissal was accordingly rendered against him with prejudice.

The facts determinative of appellant's claimed rights in this action, as disclosed by his complaint, in so far as we need here notice them, are as follows: In January, 1918, appellant was injured while employed in an extra-hazardous occupation, and his injury was thereafter classified by the industrial insurance commission as one of lesser degree than total disability, upon which classification he was awarded compensation. On May 5, 1921, appellant, conceiving that the results of his injury had become so aggravated, since the original award made to him, as to entitle him to a reclassification as one totally disabled, filed with the

industrial insurance commission his claim asking an additional award accordingly. He concluded his claim with a request that the commission make its decision in his favor thereon within fifteen days. The commission not having rendered a decision upon his claim within the fifteen days, he immediately thereafter commenced this action. His alleged reason for not waiting for a formal final decision by the commission and appealing therefrom to the superior court, as provided by the workmen's compensation act, is, in substance, that the failure of the commission to render its formal decision upon his claim within the fifteen days, as requested, was, in legal effect, a final decision denying his claim.

We think it is plainly apparent that this is nothing but an effort on the part of appellant to bring into the original jurisdiction of the superior court a controversy over which that court does not have any original jurisdiction. It is plain from the provisions of our workmen's compensation act that the original jurisdiction to determine the classification of injuries received by workmen in extra-hazardous occupations and the amount of awards to be made such injured workmen rests exclusively in the commission, and that such questions must first be decided by the commission before the courts can be resorted to looking to the further consideration of the merits of such controversies. The manner of bringing such controversies into the superior court is by review in the nature of an appeal from the final decision of the commission, the procedure for which is very simple and clearly pointed out in § 6604-20,[1] Rem. Code (P. C. § 3488). [workmen's compensation act.] The jurisdiction of the superior court over such controversies is appellate only, and not

[1]Note:  See Rem. Comp Stat., § 7697.

original. This is true though some of the questions arising in such controversies brought into the superior court for review are triable *de novo;* but that does not mean that even as to such questions they may in the first instance be tried in the superior court. Plainly, we think the superior court has no jurisdiction in this action over the controversy which appellant seeks to have tried therein.

Counsel for appellant complains particularly of that part of the superior court's judgment of dismissal reciting that such dismissal is "with prejudice." Counsel seems to fear that this will prevent further prosecution of appellant's claim for reclassification before the commission and before the superior court upon appeal from a decision of the commission. We think such is not the result. The judgment is final and with prejudice only in the sense that appellant cannot maintain any action invoking the superior court's original jurisdiction looking to the adjudication of his claim therein.

The judgment is affirmed.

BRIDGES, FULLERTON, MITCHELL, and TOLMAN, JJ., concur.