[No. 26293.   Department One.   April 1, 1937.]

LEONARD C. TENNYSON, *Respondent*, v. THE DEPART-
MENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *J. A. Kavaney, Assistant,* for appellant.

*Harry Ellsworth Foster,* for respondent.

GERAGHTY, J.—The department of labor and industries appeals from a judgment of the superior court of Clallam county reversing an order of the joint board of the department.

The department, in the first instance, and the joint

[1]Reported in 66 P. (2d) 314.

board, on rehearing, refused to entertain the respondent's claim for compensation for an injury alleged to have been sustained in extrahazardous employment, on the ground that no claim had been filed within the period of one year, as limited by statute.

The respondent appealed from the order of the joint board to the superior court of Grays Harbor county, that being the county of his residence. Thereafter, he filed a motion, based upon the convenience of witnesses, for a change of venue, transferring the appeal to the superior court of Clallam county. The appellant resisted the motion and excepted to an order made by the court granting the change of venue.

After a hearing on the merits, at which the respondent alone introduced testimony, the superior court of Clallam county entered judgment reversing the order of the joint board and finding, as a fact, that the respondent had filed a claim for compensation with the department within one year from the date of his alleged injury.

We are met at the outset with the question of jurisdiction in the superior court of Clallam county to review the determination of the joint board of the department.

Declaratory of its purpose, the first section of the workmen's compensation act, Rem. Rev. Stat., § 7673 [P. C. § 3468], abolishes

" . . . all the civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes . . . except as in this act provided."

Section 7697 [P. C. § 3488], authorizing court review of the determinations of the department, provides that, within thirty days after the final order of the joint board upon an application for rehearing,

"such applicant may appeal to the superior court of the ·county of his residence."

Construing this appeal provision, we have uniformly held that the statutory jurisdiction of the superior court over controversies arising under the workmen's compensation act is appellate rather than original. *Maddox v. Industrial Ins. Commission,* 119 Wash. 21, 204 Pac. 1057; *Cole v. Department of Labor & Industries,* 137 Wash. 538, 243 Pac. 7; *Puliz v. Department of Labor & Industries,* 184 Wash. 585, 52 P. (2d) 347.

It would have been competent for the legislature to have made the determinations of the department final. *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466; *State v. Mountain Timber Co.,* 75 Wash. 581, 135 Pac. 645, L. R. A. 1917D, 10. Instead, it provided a procedure for court review. The review provided for is lodged, in the first instance, in the superior court of the county of claimant's residence, with an appeal to the supreme court. No provision is found in the act authorizing a transfer of the appeal from the superior court of the county of the claimant's residence to the court of another county.

It is true that § 7697, in authorizing an appeal to the superior court of the claimant's residence and prescribing the manner in which the court shall make its determination, provides that "in all other respects the practice in civil cases shall apply," but this expression has relation, obviously, to matters of procedure in the court in which jurisdiction is vested. It cannot be read to imply a power in the superior court to which an appeal lies to transfer its jurisdiction to the superior court of another county by a change of venue. Reference to the sections in the practice act governing change of venue, shows clearly

that they relate to original actions commenced in the court.

■ The only provision in the practice act that could, by any inference, be said to authorize a change of venue here, is the third paragraph of § 209 [P. C. § 8545], providing for a change when ''the convenience of witnesses or the ends of justice will be forwarded by the change.''

That section is found in the territorial practice act of 1854 and remains unchanged since the code of 1881. But it obviously relates to original actions in the superior court. That the legislature could not have had in mind a change of venue from the superior court of the claimant's residence for the convenience of witnesses, is apparent from a reading of § 7697, where it is provided that, on the hearing of the appeal, the court shall not receive, in support of the appeal,

'' . . . evidence or testimony other than, or in addition to, that offered before the joint board or included in the record filed by the department. . . . ''

The force of this argument is not lessened by the fact that we have construed this section as permitting the appellant to offer evidence in rebuttal to that introduced by the department.

While the change of venue was granted for the convenience of witnesses, it appears from the record that, subsequent to taking his appeal to the superior court of Grays Harbor county, the appellant became a resident of Clallam county. This fact could not, of course, authorize the superior court of Grays Harbor county to divest itself of jurisdiction by transfer to the superior court of Clallam county. The appellate jurisdiction of the court is not ambulatory, following the movements of the appellant. Jurisdiction

is lodged in the court of his residence when the appeal is taken.

Concluding that the superior court of Clallam county was without jurisdiction to review the order of the joint board, its judgment must be reversed, and cause remanded with direction for its return to the superior court of Grays Harbor county for further proceedings.

It is so ordered.

STEINERT, C. J., MAIN, MILLARD, and BLAKE, JJ., concur.