[No. 5717–1. Division One. July 31, 1978.]

LINDA FLETCHER, *Appellant,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Respondent.*

*William A. Stiles,* for appellant.

*Slade Gorton, Attorney General,* and *Dinah Pomeroy, Assistant,* for respondent.

JAMES, J.—Appellant Linda Fletcher filed a claim with the Department of Labor and Industries on March 18, 1975, alleging that she sustained an injury in November 1974 while working in Yakima County. The Department denied her claim. The Board of Industrial Insurance Appeals affirmed the Department's decision and denied Fletcher's subsequent petition for review.

Fletcher then appealed to the Superior Court for Skagit County. The trial judge concluded that the Skagit County Superior Court was without jurisdiction and granted the Department's motion to dismiss. We agree.

The trial judge based his ruling upon the requirement of RCW 51.52.110 that:

In cases involving injured workmen such appeal shall be to the superior court of the county of residence of the workman or beneficiary, as shown by the department's records, or to the superior court of the county wherein the injury occurred or where neither the county of residence nor the county wherein the injury occurred are in the state of Washington then the appeal may be directed to the superior court for Thurston County.

The trial judge found that Skagit County was not the "county of residence of the plaintiff or the county of injury as required by RCW 51.52.110."

Fletcher first argues that there was insufficient evidence to establish that the court lacked jurisdiction. She contends the Department was required to produce the Department's file on Fletcher's claim to establish "the county of residence of the workman or beneficiary, as shown by the *department's records. . .*" (Italics ours.) RCW 51.52.110.

The record before the trial court included the Department's order denying Fletcher's claim which listed her residence as Ferndale in Whatcom County. Her testimony was consistent with this finding and there is no evidence in the record that she lived elsewhere at the time of appeal. Fletcher's first contention is without merit.

■ Fletcher's principal contention is that RCW 51.52-.110 is intended to establish venue for an industrial insurance appeal and that the requirements of the statute are not jurisdictional. In *Wiles v. Department of Labor & Indus.,* 34 Wn.2d 714, 722, 209 P.2d 462 (1949), it is pointed out that

in causes arising under the workmen's compensation act of this state, the superior court acts as a court of limited statutory jurisdiction, and that consequently the jurisdiction of such court will not be presumed. It must, therefore, affirmatively appear from the record that all essential facts exist to bring a cause within the court's jurisdiction. *Nafus v. Department of Labor & Industries,* 142 Wash. 48, 251 Pac. 877; *Lidke v. Brandt,* 21 Wn. (2d) 137, 150 P. (2d) 399.

In *Tennyson v. Department of Labor & Indus.*, 189 Wash. 616, 66 P.2d 314 (1937), it is expressly held that the statutory requirement that an industrial appeal be filed in the superior court of the county of claimant's residence is jurisdictional and not a matter of venue.

In subsequent cases, our Supreme Court has consistently reiterated that:

> The only jurisdiction of the superior court since 1911 over such matters (all phases of master and servant liability for personal injuries) is limited to appeals from the orders of the joint board and, since 1949, from the orders of the board of industrial insurance appeals, when such appeals have been taken in strict accordance with the applicable provisions of the workmen's compensation act. RCW 51.52.110 and .115.

*State ex rel. Bates v. Board of Indus. Ins. Appeals,* 51 Wn.2d 125, 128–29, 316 P.2d 467 (1957). Other jurisdictions with similar statutory schemes have held similar provisions to be jurisdictional. *Continental Fire & Cas. Ins. Co. v. O'Leary,* 236 F.2d 282 (9th Cir. 1956); *Casey v. Donut Fair, Inc.,* 211 Pa. Super. 323, 236 A.2d 546 (1967); *State ex rel. Glacier Gen. Assurance Co. v. District Court,* 143 Mont. 569, 393 P.2d 54 (1964).

The judgment of the trial court is affirmed.

ANDERSEN, A.C.J., and CALLOW, J., concur.