[No. 72958-1.   En Banc.]
Argued May 15, 2003.     Decided September 25, 2003.

DANIEL L. DOUGHERTY, *Petitioner*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

312

*Brock D. Stiles* (of *Stiles & Stiles, Inc., P.S.*), for petitioner.

*Christine O. Gregoire, Attorney General*, and *Anastasia R. Sandstrom, Assistant*, for respondent.

CHAMBERS, J. — We are asked to decide whether RCW 51.52.110's designation of the proper county for filing workers' compensation appeals is a grant of jurisdiction, or whether it identifies venue. We hold RCW 51.52.110's requirements regarding location relate to venue, not jurisdiction.

## FACTS

Daniel L. Dougherty's industrial insurance claim was denied by the Department of Labor and Industries (Department). He appealed the decision to the Board of Industrial Insurance Appeals (Board). The Board entered its final order on December 21, 2000, denying Dougherty's claim. The order informed Dougherty that he had 30 days from receipt of the final order to appeal the Board's decision in the superior court "in a manner provided by law." Order Den. Pet. for Review.

RCW 51.52.110 provides that an appeal of the Board's decision shall be to the superior court in the county where the worker resides, or the county where the injury occurred, or if neither of these are within Washington State, then to Thurston County. Dougherty was living in Texas and his injury had occurred in Whatcom County. On January 19, 2001, Dougherty's attorney filed a notice of appeal in the superior court in Skagit County, where the attorney resided.

On February 12, 2001, Dougherty's attorney moved the Skagit County Superior Court for a change of venue to Whatcom County. The Department filed a cross-motion seeking dismissal for lack of subject matter jurisdiction. The superior court denied Dougherty's motion and granted the Department's motion to dismiss. The superior court held that it had never acquired subject matter jurisdiction, and therefore, did not have authority to grant a motion to transfer venue.

Dougherty appealed to the Court of Appeals. That court affirmed the dismissal, stating that it was "[b]ound by

*Tennyson* [*v. Department of Labor & Industries*, 189 Wash. 616, 66 P.2d 314 (1937)] and its progeny," which have interpreted RCW 51.52.110's requirements as jurisdictional, rather than venue related. *Dougherty v. Dep't of Labor & Indus.*, 112 Wn. App. 322, 333, 48 P.3d 390 (2002).

We granted Dougherty's petition for review, and reverse the Court of Appeals.

## ANALYSIS

■■ Whether a court has subject matter jurisdiction is a question of law reviewed de novo. *Crosby v. Spokane County*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999).

The state courts' original jurisdiction over workplace injuries was abolished when the Washington legislature enacted the Industrial Insurance Act, chapter 51.04 RCW. *Skagit Motel v. Dep't of Labor & Indus.*, 107 Wn.2d 856, 857, 734 P.2d 478 (1987). The act declared that "all phases of the premises are withdrawn from private controversy . . . and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided." LAWS OF 1911, ch. 74, § 1, at 346; RCW 51.04.010. The act provides that the Department possesses original jurisdiction of cases involving injured workers, and the superior courts possess appellate jurisdiction.[1]

The appeals statute, RCW 51.52.110, establishes the appellate jurisdiction over the Board's decisions in the superior courts of the state. The statute provides, in part:

Within thirty days after a decision of the board to deny the petition or petitions for review upon such appeal has been communicated to such worker, . . . or other person aggrieved by the decision and order of the board may appeal to the superior court.

[1] The Washington Constitution directs that appellate jurisdiction in the superior courts exists "as may be prescribed by law." CONST. art. IV, § 6.

RCW 51.52.110. The next paragraph of the statute identifies the appropriate counties.

> In cases involving injured workers, an appeal to the superior court shall be to the superior court of the county of residence of the worker or beneficiary, as shown by the department's records, or to the superior court of the county wherein the injury occurred or where neither the county of residence nor the county wherein the injury occurred are in the state of Washington then the appeal may be directed to the superior court for Thurston county.

RCW 51.52.110.

Our courts have often repeated that the superior court's appellate jurisdiction under RCW 51.52.110 is invoked only if there has been compliance with all of the statute's procedural requirements. *City of Seattle v. Pub. Employment Relations Comm'n*, 116 Wn.2d 923, 926, 809 P.2d 1377 (1991); *Fay v. N.W. Airlines*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990); *Dils v. Dep't of Labor & Indus.*, 51 Wn. App. 216, 217-18, 752 P.2d 1357 (1988). However, by intertwining procedural requirements with jurisdictional principles, the separate issues of venue and jurisdiction have been blurred. As a result, unfortunately, procedural elements have sometimes been transformed into jurisdictional requirements.

■ Venue and jurisdiction are distinct concepts. Jurisdiction "is the power and authority of the court to act." 77 Am. Jur. 2d *Venue* § 1, at 608 (1997). Jurisdiction does not depend on procedural rules. 14 Lewis H. Orland & Karl B. Tegland, Washington Practice: Trial Practice Civil § 41, at 118 (5th ed. 1996). A court may acquire jurisdiction even though it is not the court of proper venue. *Indus. Addition Ass'n v. Comm'r of Internal Revenue*, 323 U.S. 310, 315, 65 S. Ct. 289, 89 L. Ed. 260 (1945) (where petition timely filed in circuit court as required by statute but in wrong venue, case need not be dismissed but can be transferred to circuit court with proper venue). However, a court is not bound to exercise its jurisdiction where venue is in another court. *Indus. Addition Ass'n*, 323 U.S. at 315.

The critical concept in determining whether a court has subject matter jurisdiction is the "type of controversy." *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994). " 'If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction.' " *Marley*, 125 Wn.2d at 539 (quoting Robert J. Martineau, *Subject Matter Jurisdiction as New Issue on Appeal: Reining in an Unruly Horse*, 1988 BYU L. REV. 1, 28).

On the other hand, the critical term in defining venue is "location." "Venue has to do with the place of a proceeding." 2 AM. JUR. 2D *Admin. Law* § 428, at 422 (1994). It "is the place where the power to adjudicate is to be exercised, that is, the place where the suit may or should be heard." 77 AM. JUR. 2D *Venue* § 1, at 608 (1997).

> The term venue denotes locality, referring to the county in which an action should be brought . . . .
>
> Venue is distinguished from jurisdiction in that jurisdiction connotes the power to decide a case on its merits while venue connotes locality. Venue is a procedural, rather than jurisdictional, issue.

92A C.J.S. *Venue* § 2, at 241-42 (2000) (footnotes omitted). While location determines venue, the "location of a transaction or a controversy usually does *not* determine subject matter jurisdiction." 20 AM. JUR. 2D *Courts* § 70, at 384 (1997) (emphasis added). Statutes which require actions to be brought in certain counties are generally regarded as specifying the proper venue and "are ordinarily construed not to limit jurisdiction of the state courts to the courts of the counties thus designated." 77 AM. JUR. 2D *Venue* § 44, at 651 (1997); *see also Shoop v. Kittitas County*, 149 Wn.2d 29, 37, 65 P.3d 1194 (2003) (filing requirements of RCW 36.01.050 relate to venue, not subject matter jurisdiction).

■ Applying these principles to RCW 51.52.110 reveals that the statute establishes the appellate jurisdiction of the superior courts and also designates the proper venue for those appeals. The statute provides that the worker "or

other person aggrieved by the decision and order of the board may appeal to the superior court," establishing the superior court's appellate jurisdiction over such cases. The statute's references to the location of the superior courts where the appeals are to be heard refer to venue.

█ To hold otherwise would mean that the only type of proceeding over which the court of a particular county has subject matter jurisdiction is one involving persons who are residents of, or are injured within, the county. This is not, however, what "type of controversy" means within the doctrine of subject matter jurisdiction. "Type" means the general category without regard to the facts of the particular case. Martineau, *supra*, at 26-27. It refers to the nature of a case and the kind of relief sought. *State v. Barnes*, 146 Wn.2d 74, 85, 43 P.3d 490 (2002); *see also Marley*, 125 Wn.2d at 536. Subject matter jurisdiction refers to the authority of a court to adjudicate a particular type of controversy, not a particular case. *State v. Franks*, 105 Wn. App. 950, 22 P.3d 269 (2001).

█ Generally, all superior courts have precisely the same subject matter jurisdiction because they have the same authority to adjudicate the same "types of controversies." If one superior court possesses authority to hear an appeal from the industrial insurance board, then there is no "jurisdictional" reason why another superior court could not also hear that appeal. The "type of case" is the same whether it is heard in Thurston County or some other county. We reject the theory that subject matter jurisdiction of the superior court varies from county to county. It cannot be reconciled with "type of controversy" in the context of industrial insurance appeals. In addition, if "type of controversy" depends on which county the case is filed or heard in, then all venue provisions would become subject matter jurisdiction provisions. Martineau, *supra*, at 26-27.

█ Unless mandated by the clear language of the statute, we generally decline to interpret a statute's procedural requirements regarding location of filing as jurisdictional.

## *TENNYSON* AND ITS PROGENY

The Department notes that, beginning with *Tennyson v. Department of Labor & Industries*, 189 Wash. 616, 66 P.2d 314 (1937), this court and the courts of appeal have previously interpreted RCW 51.52.110 as relating to jurisdiction, not venue. *See, e.g., Skagit Motel*, 107 Wn.2d at 858; *Patterson v. Dep't of Labor & Indus.*, 37 Wn. App. 196, 678 P.2d 1262 (1984); *Fletcher v. Dep't of Labor & Indus.*, 20 Wn. App. 865, 582 P.2d 578 (1978). However, the material facts of *Tennyson* are very different from this case.

In *Tennyson*, the injured worker filed his appeal in the superior court of Grays Harbor County, where he lived, and the proper court to hear the appeal under the statute. Before the appeal was heard, the worker changed his residence to Clallam County. He moved for a change of venue to Clallam County, based on the convenience of witnesses. The change of venue was granted and the appeal was heard in Clallam County, where the worker was successful in establishing a claim. The Department appealed.

This court began by reviewing the issue of jurisdiction, noting that when the superior court hears an industrial insurance appeal, it is acting in its limited, appellate jurisdiction as established by the Industrial Insurance Act. *Tennyson*, 189 Wash. at 619-20. There is no provision in the act or the appeals statute authorizing a transfer of the appeal from the superior court of the county of claimant's residence to the superior court of another county. *Tennyson*, 189 Wash. at 618. While the act provides that the civil rules of the superior court apply to the appeal, the rule for change of venue based on the convenience of witnesses does not apply to appeals. Further, no witnesses were called in the appeal so the convenience of witnesses was not a valid concern. The judgment was reversed and the appeal sent back to Grays Harbor County Superior Court.

*Tennyson* is distinguishable. Here, Dougherty seeks to transfer his case to the *proper* venue, while Tennyson

sought to transfer his case to an *improper* venue, not authorized by the statute. Tennyson sought to avoid the requirements of the appeal statute whereas Dougherty seeks to comply with the statute. Under *Tennyson*, the civil rule for change of venue based on convenience of witnesses does not apply to industrial insurance appeals heard by the superior court. Dougherty is not seeking a change of venue based on the convenience of witnesses.

■ Since *Tennyson*, this court and the court of appeals have relied on *Tennyson* to dismiss appeals that have been filed in a county other than the one designated in RCW 51.52.110. In doing so, the statute's designation of venue has been effectively transformed into a limitation on the court's subject matter jurisdiction. Jurisdiction exists because of a constitutional or statutory provision. A party cannot confer jurisdiction; all that a party does is invoke it. *See, e.g., Fay*, 115 Wn.2d at 197 (" 'statutory requirements must be met before jurisdiction is property invoked.' " (quoting *Spokane County v. Utils. & Transp. Comm'n*, 47 Wn. App. 827, 830, 737 P.2d 1022 (1987))); *Hernandez v. Dept of Labor & Indus.*, 107 Wn. App. 190, 195, 26 P.3d 977 (2001) (substantial compliance with the filing requirements is "sufficient to invoke the superior court's appellate jurisdiction").

"Elevating procedural requirements to the level of jurisdictional imperative has little practical value and encourages trivial procedural errors to interfere with the court's ability to do substantive justice." *Okanogan Wilderness League, Inc. v. Town of Twisp*, 133 Wn.2d 769, 791, 947 P.2d 732 (1997) (Durham, C.J., concurring). Transforming venue into a jurisdictional matter allows a party to raise it at any time, even after judgment. "A party's ability to raise procedural defects at any time could result in abuse and cause a huge waste of judicial resources." *Okanogan*, 133 Wn.2d at 790.

■ Moreover, we decline to read RCW 51.52.110 as requiring dismissal of Dougherty's otherwise timely filing. It is the distinct preference of modern procedural rules to

allow appeals to proceed to a hearing on the merits in the absence of substantial prejudice to other parties. *Black v. Dep't of Labor & Indus.*, 131 Wn.2d 547, 552, 933 P.2d 1025 (1997). To that end, many change of venue rules expressly provide for transfer of a case filed in the wrong county.[2] It is incongruous to interpret RCW 51.52.110 as denying a superior court's jurisdiction to grant a transfer of venue under the civil rules to the proper court when an industrial insurance appellant files the appeal in a county superior court not listed in the statute.

By our holding, we bring our jurisprudence regarding RCW 51.52.110 into alignment with accepted principles of venue and jurisdiction, and consistent with the requirements of statutory construction.

## CONCLUSION

We reverse the Court of Appeals and hold that RCW 51.52.110's requirements regarding the location of the superior court where appeals are to be filed are procedural and relate to venue, not subject matter jurisdiction. Filing an appeal from a decision of the Board in the wrong county does not defeat subject matter jurisdiction and can be cured by a change of venue. To the extent *Tennyson* and its progeny are inconsistent with our holding, they are overruled.

We therefore remand the case to Skagit County Superior Court for transfer to Whatcom County Superior Court, where venue is proper.

JOHNSON, MADSEN, SANDERS, IRELAND, and OWENS, JJ., concur.

---

[2] *See, e.g.*, RALJ 2.3(b) (either a party or the court can initiate the transfer of the appeal to the proper venue); CAR 21(a) (the Court of Appeals may transfer cases to other courts of appeal on the court's own initiative); RAP 4.4 (this court can transfer cases from one court of appeals to another court of appeals "to promote the orderly administration of justice").

FAIRHURST, J. (dissenting) — The Industrial Insurance Act outlines the requirements a party must satisfy to perfect an appeal from a decision by the Board of Industrial Insurance Appeals (board) to a superior court. For over 65 years, this court has held that to obtain subject matter jurisdiction over an appeal of a board decision, an appellant must file the appeal with the appropriate superior court as mandated by RCW 51.52.110. The majority disregards both the plain language of the statute as well as this court's long-standing precedent. Therefore, I respectfully dissent.

In 1911, the Washington legislature adopted the Industrial Insurance Act, providing the sole means of redress for workplace injuries. LAWS OF 1911, ch. 74. Through this act, the legislature exercised its police power to remove jurisdiction from superior courts over civil disputes concerning workplace injuries. RCW 51.04.010. The act declares that "all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided." *Id.* Under the act, the appellate jurisdiction of the superior courts may be invoked by complying with RCW 51.52.110. *Fay v. N.W. Airlines*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990). Thus, the superior courts have no original jurisdiction over these types of claims, only appellate jurisdiction. *Tennyson v. Dep't of Labor & Indus.*, 189 Wash. 616, 618, 66 P.2d 314 (1937); *Maddox v. Indus. Ins. Comm'n*, 119 Wash. 21, 23-24, 204 P. 1057 (1922).

This court has often stated that when the superior court acts in its appellate capacity, it is " 'of limited statutory jurisdiction, and all statutory requirements must be met before jurisdiction is properly invoked.' " *Fay*, 115 Wn.2d at 197 (quoting *Spokane County v. Utils. & Transp. Comm'n*, 47 Wn. App. 827, 830, 737 P.2d 1022 (1987)); *see also Mader v. Health Care Auth.*, 149 Wn.2d 458, 468, 70 P.3d 931 (2003) (when reviewing administrative decision, superior court acts in its limited appellate capacity); *Crosby v. Spokane County*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999) ("[S]tatutory procedural requirements must be satisfied before a superior court's appellate jurisdiction is invoked."); *Skagit Surveyors & Eng'rs, L.L.C. v. Friends of Skagit*

*County*, 135 Wn.2d 542, 555, 958 P.2d 962 (1998) (appeal from administrative tribunal invokes appellate, not general, jurisdiction, and all statutory requirements must be met before jurisdiction is properly invoked); *Union Bay Pres. Coalition v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 617, 902 P.2d 1247 (1995) (all statutory requirements must be met in order to properly invoke a superior court's appellate jurisdiction); *City of Seattle v. Pub. Employment Relations Comm'n*, 116 Wn.2d 923, 926, 809 P.2d 1377 (1991) (superior court does not obtain appellate jurisdiction over an administrative decision unless all statutory procedural requirements are met); *Deschenes v. King County*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974) (superior court acting in appellate capacity has only such jurisdiction as is conferred by law); *Lidke v. Brandt*, 21 Wn.2d 137, 139, 150 P.2d 399 (1944) (under Industrial Insurance Act, superior court is a court of limited, statutory jurisdiction, and "must show affirmatively, by its record, all essential jurisdictional facts to bring a cause within its jurisdiction").

Appellate jurisdiction, therefore, often depends upon compliance with procedural rules that the legislature creates. For example, this court has long considered filing an appeal within the statutory time limit as a prerequisite for an appellate court to acquire jurisdiction. *Cogswell v. Hogan*, 1 Wash. 4, 4-5, 23 P. 835 (1890); *see also* 5 Am. Jur. 2d *Appellate Review* § 291, at 60-61 (1995) (time limit for filing appeal is generally considered to be mandatory and jurisdictional and cannot be waived by the parties). Leading treatises support this view.

[W]hile courts have no inherent appellate jurisdiction over official acts of administrative agencies, where the legislature has made a statutory provision for judicial review that procedure is controlling, and, a statutory right to appeal may be taken advantage of only by strict compliance with the provisions by which it is created. Similarly, where the statutes involved require an appeal to be filed in a certain court, that court *alone* has jurisdiction to entertain the appeal, and the subject matter jurisdiction may not be waived or agreed upon.

2 AM. JUR. 2D *Administrative Law* § 421, at 417-18 (1994) (emphasis added) (footnotes omitted). "It is essential to the jurisdiction of the appellate court that there be, in taking and perfecting an appeal, . . . compliance with all applicable statutory requirements, save to the extent that such compliance may be and is waived, or noncompliance excused." 4 C.J.S. *Appeal & Error* § 261, at 333 (1993) (footnotes omitted).

Of particular significance in this case is that to perfect an appeal, the worker "shall" file an appeal in the superior court of one of three possible counties: (1) the county where the injury occurred, (2) the worker's county of residence, or (3) Thurston County if both the injury site and the worker's residence are outside of Washington. RCW 51.52.110. Dougherty concedes that he filed his appeal in the wrong county superior court. Pet. for Review at 2. Because Dougherty resided in Texas, the proper county superior court in which to appeal was where his injury occurred—Whatcom County, not Skagit County.

The act is clear about what happens if an appellant does not comply with the act's statutory requirements.

> If such worker . . . fails to file with the superior court [his] appeal as provided in this section within said thirty days, the decision of the board to deny the petition or petitions for review or the final decision and order of the board shall become final.

RCW 51.52.110. The statute is also unambiguous that fulfillment of its requirements is mandatory—failure to file an appeal with the superior court "as provided in this section" means the board's decision *shall* become final. *Id.*

This court has already addressed the precise issue presented before us now. We determined 65 years ago that the requirement in RCW 51.52.110 that an appellant file the appeal in a particular court is a jurisdictional prerequisite. In *Tennyson*, the appellant filed his appeal with the superior court in Grays Harbor County, the county where he resided at the time of his appeal. *Tennyson*, 189 Wash. at 617. The appellant then moved to change venue to Clallam

County for the convenience of witnesses, which the Grays Harbor County Superior Court granted. *Id.* This court noted that "[t]he appellate jurisdiction of the court is not ambulatory, following the movements of the appellant." *Id.* at 619. The court determined that the appellant could not transfer his appeal to another county, because "[n]o provision is found in the act authorizing a transfer of the appeal from the superior court of the county of the claimant's residence to the court of another county." *Id.* at 618.[3] The appellant had properly invoked jurisdiction, and the superior court could not then divest itself of jurisdiction by transferring the appeal to another, improper county. *Id.* at 619.

The *Tennyson* decision has been repeatedly upheld by Washington courts. *Skagit Motel v. Dep't of Labor & Indus.*, 107 Wn.2d 856, 858, 734 P.2d 478 (1987); *Patterson v. Dep't of Labor & Indus.*, 37 Wn. App. 196, 197-98, 678 P.2d 1262 (1984); *Fletcher v. Dep't of Labor & Indus.*, 20 Wn. App. 865, 866-67, 582 P.2d 578 (1978); *cf. Dowell v. Dep't of Labor & Indus.*, 51 Wn.2d 428, 430, 319 P.2d 843 (1957). And the legislature has never amended RCW 51.52.110 to provide otherwise, despite this continued adherence to *Tennyson*.

The majority attempts to dismiss *Tennyson* by simply stating that Tennyson sought to transfer his case to an improper venue, while in this case Dougherty sought to transfer his case to the proper venue. Majority at 318-19. This does not resolve the fact that the act does not authorize the transfer of the appeal from one superior court to another, whether it is the proper or the improper court. *Tennyson*, 189 Wash. at 618.[4]

---

[3] This is in contrast to the Court of Appeals and the Supreme Court, where applicable court rules and statutes authorize transfer of an appeal from one court to another. RAP 4.4; CAR 21(a); *see also* RCW 2.06.030.

[4] Two recent decisions held that the statutes in question requiring certain causes of action be commenced in particular counties, related to venue, not jurisdiction. *Young v. Clark*, 149 Wn.2d 130, 134, 65 P.3d 1192 (2003) (former RCW 4.12.020(3) (1941) related to venue); *Shoop v. Kittitas County*, 149 Wn.2d 29, 37, 65 P.3d 1194 (2003) (former RCW 36.01.050 (1997) related to venue). These cases are distinguishable. Both *Shoop* and *Young* dealt with the original jurisdiction of

Under the Industrial Insurance Act, the legislature removed original jurisdiction over workplace injury disputes from superior courts, but left the courts with appellate jurisdiction. Since the state's inception, this court has ruled that an appellant must comply with statutory requirements before a superior court can properly exercise its appellate jurisdiction over the case. The statute at issue here, RCW 51.52.110, is unequivocal in its requirement that an appellant must file his appeal in one of three potential counties. Dougherty admittedly filed his appeal in the wrong county and failed to cure his mistake by the 30 day deadline. The superior court properly dismissed his appeal because it lacked subject matter jurisdiction. I would affirm the Court of Appeals and, therefore, respectfully dissent.

ALEXANDER, C.J., and BRIDGE, J., concur with FAIRHURST, J.

[No. 74130-1.  En Banc.]
Argued September 11, 2003.    Decided September 25, 2003.

superior courts. This court held that article IV, section 6 of the Washington Constitution prohibits any original subject matter jurisdiction restrictions as among superior courts. *Young*, 149 Wn.2d at 134; *Shoop*, 149 Wn.2d at 37. However, this case deals with the appellate jurisdiction of superior courts. There is no constitutional prohibition against appellate subject matter jurisdiction restrictions.