[No. 29932-1-II. Division Two. March 16, 2004.]

J.A., *Respondent*, v. THE STATE OF WASHINGTON, ET AL.,
*Petitioners*.

*John F. Kennedy* (of *Law Offices of John F. Kennedy*), for petitioners.

*John R. Connelly, Jr.* (of *Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, P.L.L.C.*), for respondent.

SEINFELD, J. — The State of Washington challenges the subject matter jurisdiction of the Pierce County Superior Court to hear J.A.'s tort action against the State. Holding that references in RCW 4.92.010 to venue do not limit superior court subject matter jurisdiction over suits initiated against the State, we affirm the trial court's denial of the State's motion to dismiss and we remand for trial.

## FACTS

J.A. filed a tort claim against the State in Pierce County Superior Court to recover damages for abuse he allegedly sustained while he was a ward of the State at Kiwanis' Boys Ranch in Olympia. At the time of filing, J.A. resided in Snohomish County.

The State moved to dismiss, challenging the superior court's subject matter jurisdiction under RCW 4.92.010. The superior court denied the motion and we then accepted discretionary review.

## ANALYSIS

### I. SUBJECT MATTER JURISDICTION

Article II, section 26 of the Washington State Constitution provides that "[t]he Legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state." In accord with this constitutional mandate, the legislature enacted RCW 4.92.010, which states:

> Any person or corporation having any claim against the state of Washington shall have a right of action against the state in the superior court.
>
> The venue for such actions shall be as follows:
>
> (1) The county of the residence or principal place of business of one or more of the plaintiffs;
>
> (2) The county where the cause of action arose;
>
> (3) The county in which the real property that is the subject of the action is situated;
>
> (4) The county where the action may be properly commenced by reason of the joinder of an additional defendant; or
>
> (5) Thurston county.
>
> Actions shall be subject to change of venue in accordance with statute, rules of court, and the common law as the same now exist or may hereafter be amended, adopted, or altered.

Actions shall be tried in the county in which they have been commenced in the absence of a seasonable motion by or in behalf of the state to change the venue of the action.

RCW 4.92.010.

The State argues that the statutory references to "venue" create limits on subject matter jurisdiction. Pointing to J.A.'s Snohomish County residency, the State contends that only Snohomish and Thurston County superior courts have subject matter jurisdiction in this case and, as J.A. improperly filed his claim in Pierce County, it was error to deny the State's motion to dismiss.

J.A. responds that only the first paragraph of the statute deals with subject matter jurisdiction and it confers jurisdiction on all the Washington State superior courts to hear claims against the State. According to J.A., the remaining sections address *venue*, which the State may challenge by moving for a change of venue.

Subject matter jurisdiction typically refers to the authority of a court to provide relief, as granted by the constitution or the legislature. *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 315, 319, 76 P.3d 1183 (2003); 15A KARL B. TEGLAND & DOUGLAS J. ENDE, WASHINGTON PRACTICE: HANDBOOK ON CIVIL PROCEDURE § 13 (2004 ed.). A party may challenge subject matter jurisdiction at any time, and a judgment entered by a court lacking jurisdiction is void. *Inland Foundry Co. v. Spokane County Air Pollution Control Auth.*, 98 Wn. App. 121, 123-24, 989 P.2d 102 (1999); *In re Marriage of Ortiz*, 108 Wn.2d 643, 649-50, 740 P.2d 843 (1987).

By contrast, venue pertains to the location(s) within the state where a suit may be brought. *Dougherty*, 150 Wn.2d at 316. "[V]enue is distinguished from jurisdiction in that jurisdiction connotes the power to decide a case on its merits while venue connotes locality." *Dougherty*, 150 Wn.2d at 316 (quoting 92A C.J.S. *Venue* § 2, at 241 (2000)). RCW 4.92.010.

"Statutes which require actions to be brought in certain counties are generally regarded as specifying the proper

venue and 'are ordinarily construed not to limit jurisdiction of the state courts to the courts of the counties thus designated.' " *Dougherty*, 150 Wn.2d at 316 (quoting 77 AM. JUR. 2D *Venue* § 44, at 651 (1997)); *see also Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 98-99, 864 P.2d 937 (1994) (noting that the constitution confers broad original jurisdiction on the superior courts, and an act should not be construed to limit that grant absent clear legislative intent). Furthermore, RCW 4.92.010 has been interpreted as a "general venue statute." *Sim v. Wash. State Parks & Recreation Comm'n*, 90 Wn.2d 378, 382, 583 P.2d 1193 (1978). But the question of whether the references to venue in RCW 4.92.010 are jurisdictional is an issue of first impression that we review de novo. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002); *Crosby v. County of Spokane*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999) (statutory interpretation and issues of subject matter jurisdiction are questions of law that the appellate court reviews de novo).

## II. STATUTORY INTERPRETATION

 Our primary responsibility in interpreting RCW 4.92.010 is to ascertain the legislature's intent. *Campbell & Gwinn, L.L.C.*, 146 Wn.2d at 9. When the intent is clear from the language of the statute, we give effect to the statute's plain meaning. *Campbell & Gwinn, L.L.C.*, 146 Wn.2d at 11-12. But if the statute is subject to more than one interpretation, we will apply tools of statutory construction and examine legislative history. *Campbell & Gwinn, L.L.C.*, 146 Wn.2d at 12.

 The language of RCW 4.92.010 indicates that the statute deals with both jurisdiction and venue. The first paragraph grants the superior court's authority to hear claims brought by individuals and corporations against the State. This confers subject matter jurisdiction on the superior courts in the state to hear this type of case.

The second paragraph then unambiguously addresses venue, stating "[t]he venue for such actions shall be as

follows:" RCW 4.92.010. An explanation of how to change venue follows, and finally, the statute explains that absent a motion to change venue, a suit may continue in the county where it was initially filed.

This plain statutory language indicates that the Pierce County Superior Court has subject matter jurisdiction over the case, but that Pierce County is not the proper venue. Under RCW 4.92.010, the proper method to obtain relief where a case is brought in an improper venue is to move for a change of venue, not to seek dismissal. *Sim*, 90 Wn.2d at 383. Thus, the State may move to change the venue and, if it fails to seasonably do so, Pierce County Superior Court will try the action.

### III. LEGISLATIVE HISTORY

We find nothing in the legislative history to contradict this clear reading. In 1895, the legislature enacted a law stating: "Any person or corporation having any claim against the State of Washington shall have the right to begin an action against the state in the superior court of Thurston county." LAWS OF 1895, ch XCV, § 1. A 1927 amendment changed the wording to "shall have *a right of* action against . . . ." LAWS OF 1927, ch. 216, § 1 (emphasis added). And a 1963 amendment provided that in addition to Thurston County, actions "may be commenced" in the county where real property that is the subject of the litigation is located or, in a tort action, where either the tort occurred or where the plaintiff resides. LAWS OF 1963, ch. 159 § 1.

In 1973, the statute was further amended to read, "Any person or corporation having any claim against the state of Washington shall have a right of action against the state in the superior court." LAWS OF 1973, ch. 44, § 1. Notably missing is the phrase "of Thurston County." The remaining

language of the currently enacted statute was also added at this time.[1]

Early cases interpreting RCW 4.92.010 as a "statute of jurisdiction rather than merely one of venue" predate the effective date of these 1973 changes.[2] *State ex rel. Thielicke v. Superior Court*, 9 Wn.2d 309, 311, 114 P.2d 1001 (1941); *see also Deaconess Hosp. v. Highway Comm'n*, 66 Wn.2d 378, 383, 403 P.2d 54 (1965). The removal of the reference to "Thurston County" leaves the *jurisdictional* portion of the statute without limits, thereby conferring subject matter jurisdiction to hear cases against the State on all superior courts.

This interpretation is consistent with recent case law interpreting parallel statutes. In *Dougherty*, the Supreme Court recognized that "the separate issues of venue and jurisdiction have been blurred." 150 Wn.2d at 315. It states that the pivotal concept in subject matter jurisdiction is whether a court has the power to hear that "type of controversy." *Dougherty*, 150 Wn.2d at 316 (quoting *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994)). Here, the type of controversy is a tort action against the State and, under RCW 4.92.010, each superior court may hear such a claim.

*Shoop v. Kittitas County*, 149 Wn.2d 29, 65 P.3d 1194 (2003), which interprets two statutes regulating suits against counties, also is helpful. *See also Young v. Clark*, 149 Wn.2d 130, 65 P.3d 1192 (2003). The *Shoop* court examined RCW 36.01.050[3] and 4.12.020,[4] which limit the superior courts in which a party may sue the county, much

---

[1] The 1986 amendment served only to remove language requiring the posting of a surety bond by a plaintiff. LAWS OF 1986, ch. 126, § 1.

[2] The effective date of the 1973 amendments was June 7, 1973.

[3] The applicable version of RCW 36.01.050 reads: "(1) All actions against any county may be commenced in the superior court of such county, or in the superior court of either of the two nearest judicial districts." LAWS OF 1997, ch. 401, § 1.

[4] RCW 4.12.020(3) reads:

For the recovery of damages for injuries to the person or for injury to personal property, the plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which

like RCW 4.92.010, which limits where a party may sue the State. 149 Wn.2d at 33.

The *Shoop* court held that interpreting these statutes as limiting subject matter jurisdiction would violate article IV, section 6 of the Washington Constitution. In relevant part, section 6 states that "[t]he superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." WASH. CONST., art. IV, § 6. The *Shoop* court interpreted the constitutional provision as precluding "any subject matter restrictions as among superior courts" and, thus, it overruled prior decisions that interpreted RCW 36.01.050 and 4.12.020 as jurisdictional. 149 Wn.2d at 37.

Consequently, the trial court did not err in denying the State's motion to dismiss. We affirm and remand for trial.

HOUGHTON and ARMSTRONG, JJ., concur.

the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action.