**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| AMOREA ROCHA, | No. 56175-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| HAMAL STRAND, | |
| Appellant. | |

WORSWICK, P.J. — Amorea Rocha petitioned the Kitsap County District Court for a

protection order against Hamal Strand. That court granted the order and Strand appealed to

superior court. Kitsap County Superior Court vacated the district court's protection order and

ordered the district court to transfer the matter to superior court. When the matter was

transferred to superior court, Strand petitioned that court for an order restricting abusive

litigation against Rocha based on a related action in San Juan County Superior Court. The

Kitsap County Superior Court entered a protection order against Strand that included a provision

denying Strand's request to restrict abusive litigation.

Strand appeals the protection order. We hold that (1) Strand's arguments regarding the

district court protection orders are moot, (2) the superior court had proper subject matter

jurisdiction, (3) we are unable to review the merits of the order on appeal because the superior

court failed to make the required findings of fact regarding the issuance of the protection order

and the denial of the order restricting abusive litigation, and (4) Rocha is not entitled to

reasonable attorney fees. Accordingly, we vacate the protection order and the denial of the motion for an order restricting abusive litigation and remand with instructions to the superior court to make and enter necessary findings of fact and conclusions of law to be followed by the entry of an appropriate order based on those findings and conclusions.

FACTS

This case has a complicated procedural history. In October 2018, Rocha applied for a protection order against Strand in Kitsap County District Court. The order was granted two months later and expired in July 2019. In November 2018, Strand petitioned for a protection order against Rocha in San Juan County Superior Court. That same day, the San Juan County Superior court entered an order denying his petition. During the next several months, the parties litigated several issues regarding restraining orders at various levels of court.

Relevant to this case, in February 2020, Rocha petitioned the Kitsap County District Court for another protection order, alleging that Strand stole a copy of Rocha's son's birth certificate, tracked her phone, bullied her online, filed unfounded court proceedings, and stalked her family. Rocha attached several pieces of evidence to her petition including messages from a blocked number telling Rocha that she is "fake news" and that "[her] entire life is a lie," a Facebook post by Strand which indirectly referred to Rocha as a "crazy lady" who had stalked him, and a "cease and desist letter" from Rocha to Strand wherein she noted that he had sent her "300 harassing messages on [her] cell phone referencing [] [her] family as child predators." Clerk's Papers (CP) at 9, 12, 14.

At the end of February 2020, after a contested trial, the district court granted Rocha a protection order. Strand appealed that order to the Kitsap County Superior Court arguing that the

district court lacked subject matter jurisdiction under former RCW 10.14.150.[1]  In October, the superior court agreed with Strand and remanded the case to district court to vacate its decision and transfer the case to superior court.

Meanwhile, Strand also petitioned the San Juan County Superior Court for a domestic violence protection order against Rocha.  In June 2020, that court denied his petition.  However, the court found that "[Strand] alleged, and [Rocha] did not rebut, that [Rocha] and a group of friends assaulted [Strand] in 2001."  CP at 196.  That court discounted the importance of the assault because (1) it focused its inquiry on the "allegations that have occurred since the denial of [Strand's] request for a domestic violence protection order in December 2018," and (2) Strand had "not proven by a preponderance of the evidence that he has a current, reasonable fear of imminent physical harm, bodily injury or assault."  CP at 196.  Ultimately, by a preponderance of the evidence, the court found that there was no domestic violence and denied Strand's petition.

On July 2, 2021, acting upon the Kitsap County Superior Court's order, the Kitsap County District Court transferred the case involving Rocha's February 2020 petition for a protection order to Kitsap County Superior Court.  As a part of the order to transfer, the district court mandated that a temporary protection order remain in effect until July 15, the date of the

---

[1] RCW 10.14.150 was repealed in 2022 during a major revision of civil protection order laws. LAWS of 2021, Ch. 215, § 170.  Under former RCW 10.14.150 (2018), district courts were required to transfer antiharassment actions to superior court when "a superior court has exercised or is exercising jurisdiction."  Since the San Juan County Superior Court exercised jurisdiction in 2018 before the Kitsap County District Court's 2020 hearing, the Kitsap County District Court should have transferred the antiharassment action to the superior court.  Because it did not transfer the action, it acted without jurisdiction when it issued the protective order.

superior court hearing. On July 7, Strand filed a request in Kitsap County Superior Court for an order restricting abusive litigation against Rocha.

The superior court held a hearing to decide both issues. Rocha testified to several facts to support the issuance of a protection order, largely centered around the same facts that her February 2020 petition raised. Strand testified that he did not send her 300 emails, steal her son's birth certificate, track her phone, or stalk her family.

Regarding Strand's motion for an order restricting abusive litigation, Strand testified to facts in an attempt to support an order restricting abusive litigation. He argued that he was a domestic violence victim because Rocha and her friends committed domestic violence against him when they assaulted him and stole his birth certificate in 2001. In his motion for an order restricting abusive litigation, he argued that the domestic violence finding was memorialized in the San Juan County Superior Court order from June, 2020.

Kitsap County Superior Court stated:

Based on the information that's been provided . . . Mr. Strand has engaged in a knowing and willful course of conduct directed at Ms. Rocha, which seriously alarmed, annoyed, or harassed her and was detrimental to her person and served no legitimate or lawful purpose.

This course of conduct was one that would cause a reasonable person to suffer substantial emotional distress and would actually cause substantial emotional distress to the petitioner.

Report of Proceedings (RP) at 41-42. The superior court then issued a protection order. In the "other" section of that protection order, the court stated that it "does not find Petitioner has engaged in abusive litigation," and denied Strand's motion to restrict abusive litigation. CP at 242. Strand appeals the superior court's protection order including its refusal to issue the order restricting abusive litigation.

4

ANALYSIS

Strand makes multiple arguments concerning the Kitsap County District Court protection orders. He also argues that Kitsap County Superior Court erred by entering the protection order without proper subject matter jurisdiction because Rocha's petition was deficient, and that the superior court erred when it issued the protection order without making specific findings of fact.

We hold that Strand's challenges to the district court orders are moot and that the superior court had jurisdiction to issue a protection order. However, we hold that the superior court failed to make sufficient findings of fact to allow us to review either the issuance of the protection order or the denial of the order restricting abusive litigation. Finally, we hold that Rocha is not entitled to reasonable attorney fees on appeal.

I. MOOTNESS

Strand makes multiple arguments concerning the Kitsap County District Court protection orders. He argues that the district court entered those protection orders without jurisdiction, and that the orders violated his constitutional right to privacy and free speech. Strand also assigns error to the district court's finding of fact 1.6. Rocha argues that this court should decline to review the district court orders because they are moot, and Strand did not appeal them. We agree with Rocha.

"A case becomes moot when a court can no longer provide effective relief." *Gronquist v. Dep't of Corr.*, 196 Wn.2d 564, 569, 475 P.3d 497 (2020). The expiration of a protection order renders an appeal of that order moot. *See Price v. Price*, 174 Wn. App. 894, 902, 301 P.3d 486 (2013).

Strand raises several issues in his appeal regarding the district court protection orders, including that the district court erred in entering a finding of fact. But the permanent district court order was vacated, and the temporary order expired on July 15, 2021. Accordingly, we cannot provide effective relief and these issues are moot.

## II. SUBJECT MATTER JURISDICTION AND STATUTORY COMPLIANCE

Strand argues that the superior court lacked subject matter jurisdiction to issue the protection order because Rocha's petition did not conform to former RCW 10.14.040(1) because it lacked specific facts and circumstances warranting relief. Rocha argues that her petition substantially complied with the statute. We hold that the trial court had jurisdiction and that Rocha's petition complied with the statute.

WASH. CONST. art. IV, § 6 bestows broad jurisdiction over most original court actions. "'If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction.'" *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 316, 76 P.3d 1183 (2003) (quoting *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994)). The determination of subject matter jurisdiction is a question of law reviewed de novo. *Dougherty*, 150 Wn.2d at 314.

Neither party here argues that the type of controversy at issue is not within the general subject matter jurisdiction granted by the constitution. Strand argues only that Rocha's allegedly defective petition somehow deprived the superior court of jurisdiction. But Strand does not explain how a defective petition can deprive the trial court of subject matter jurisdiction. Moreover, defective pleadings generally are not exceptions to the constitution's jurisdictional grant. *See MHM & F, LLC v. Pryor*, 168 Wn. App. 451, 460, 277 P.3d 62 (2012). Thus, any

argument regarding the form of the petition is "something other than subject matter jurisdiction." Accordingly, the superior court had subject matter jurisdiction to issue the order.

Moreover, Rocha's petition complied with former RCW 10.14.040(1). Under that statute, petitions for protection orders "shall allege the existence of harassment and shall be accompanied by an affidavit made under oath stating the specific facts and circumstances from which relief is sought." RCW 10.14.040(1) Of note,

> "Unlawful harassment" means a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, and which serves no legitimate or lawful purpose. The course of conduct shall be such as would cause a reasonable person to suffer substantial emotional distress, and shall actually cause substantial emotional distress to the petitioner, or, when the course of conduct would cause a reasonable parent to fear for the well-being of their child.

Former RCW 10.14.020(2) (2018).

Here, Rocha signed a petition under oath that alleged that Strand stole a copy of her son's birth certificate, harassed and tracked her new phone number, bullied her online as well as through government agencies, filed unfounded court proceedings, and stalked her family. Strand argues Rocha's petition is void of specific facts, but we disagree.

Strand also argues that the attachments to the petition should not be considered because they are not individually signed under the penalty of perjury as required by GR 13. But the court-approved petition form expressly gives the petitioner the option to attach certain types of evidence other than testimony to the petition, like copies of emailed messages, social media messages, and text messages. Rocha checked five such boxes. And on the very next page, she certified the petition under the penalty of perjury. CP at 6. Accordingly, the petition complies

7

with GR 13. Thus, the attachments are properly considered when determining if Rocha complied with the statute.

The petition alleges that Strand made hostile remarks to Rocha, including that her "life is a lie" and that she is "fake news." CP at 9. It also alleges that Strand made a Facebook post referring to Rocha as a "crazy lady." CP at 12. Further, it alleges that Strand sent "300 harassing messages [to her] cell phone referencing to [her] family as child predators." CP at 14. These allegations are sufficiently specific. Moreover, the alleged hostility and volume of the comments in conjunction with Strand's alleged stalking gives an inference that unlawful harassment had occurred. Because Rocha provided specific factual allegations, we hold that Rocha complied with the statute.

We hold that the superior court had jurisdiction to issue the protection order. And in any case, we hold that the petition complied with the statute.

### III. FAILURE TO ISSUE SPECIFIC FINDINGS

Strand makes several arguments alleging that the superior court erred when it issued the protection order and denied his motion to restrict Rocha's abusive litigation because the superior court did not make findings of fact as to either ruling. We hold that the superior court's findings of fact are insufficient to permit review.

Following proceedings where findings of fact are necessary for appellate review, "we review the trial court's findings of fact . . . to determine whether they are supported by substantial evidence, and [] then review whether those findings support the trial court's conclusions of law." *Tiller v. Lackey*, 6 Wn. App. 2d 470, 484, 431 P.3d 524 (2018). A conclusion of law is "a result which follows from examination and consideration of

circumstances in a particular case and interpretation and application of legal principles to those facts." *City of Tacoma v. O'Brien*, 85 Wn.2d 266, 272, 534 P.2d 114 (1975). Where findings merely parrot statutory language, they are generally conclusions of law. *In re C.R.B.*, 62 Wn. App. 608, 618-19, 814 P.2d 1197 (1991).

A.      *Protection Order*

Strand argues that the protection order must be remanded because the superior court violated CR 52(a)(1) when it failed to issue written findings of fact. Strand also seems to argue that even if specific findings of fact were not required, the superior court erred in issuing the protective order because a preponderance of the evidence did not show that unlawful harassment existed.[2] We agree that the trial court failed to make necessary findings of fact, and we decline to consider Strand's sufficiency of the evidence argument.

CR 52(a)(1) provides that when an action is tried without a jury, the court must "find the facts specially and state separately its conclusions of law." Such findings "should at least be sufficient to indicate the factual bases for the ultimate conclusions." *In re Detention of LaBelle*, 107 Wn.2d 196, 218, 728 P.2d 138 (1986). Where the trial court fails to enter the required factual findings, an appellate court "cannot review an assignment of error which requires consideration of whether there was sufficient evidence to support such findings." *State v. Denison*, 78 Wn. App. 566, 570, 897 P.2d 437 (1995).

Although CR 52 generally requires written findings in any matter tried without a jury, appellate courts in antiharassment order cases have considered findings contained in the trial

---

[2] Because there are no findings of fact, we do not review Strand's argument that the evidence does not support the superior court's order.

courts' oral rulings. *See Trummel v. Mitchell*, 156 Wn.2d 653, 657-58, 131 P.3d 305 (2006); *Price*, 174 Wn. App. at 900-01. We recognize that requests for civil protection orders can arise in matters with varying degrees of complexity and formality. Accordingly, we impose no onerous requirement that trial court enter written findings of fact in these actions. However, when there are competing testimonies, the trial court should articulate a sufficient factual basis for this court to conduct a meaningful review.

Here, the superior court entered no written findings but did make an oral ruling regarding the issuance of the protection order.[3] The court stated:

> Based on the information that's been provided . . . Mr. Strand has engaged in a knowing and willful course of conduct directed at Ms. Rocha, which seriously alarmed, annoyed, or harassed her and was detrimental to her person and served no legitimate or lawful purpose.
>
> This course of conduct was one that would cause a reasonable person to suffer substantial emotional distress and would actually cause substantial emotional distress to the petitioner.

RP at 41-42. However, this oral ruling contains no findings of fact. Rather, these statements are merely a recitation of the legal definition of unlawful harassment. Former RCW 10.14.020(2) (2018). Moreover, these statements are a result which follows from examination and consideration of circumstances in this case and an application of legal principles to those facts. As such, they are legal conclusions. The court made no other findings regarding the issuance of a protective order. Because the superior court heard conflicting testimony and considered conflicting evidence, we cannot determine the factual bases for the legal conclusion that unlawful harassment occurred without reviewing findings of fact.

---

[3] We note that there is no area on the superior court's order form to even include such findings.

B.       *Abusive Litigation Provision*

Strand argues the superior court made no findings as to why he was not entitled to an order restricting abusive litigation under CR 52(a)(2)(C). He also seems to argue that because he met his evidentiary burden regarding the RCW 26.51.020 factors, the superior court abused its discretion by denying his requested order restricting abusive litigation. We agree that this case should be remanded for findings, but we decline to consider Strand's sufficiency of the evidence argument.

CR 52(a)(2)(C) provides that "findings and conclusions are required: . . . [i]n connection with any other decision where findings and conclusions are specifically required by statute, by another rule, or by a local rule of the superior court." And RCW 26.51.060(3) provides, "If the court finds by a preponderance of the evidence that the litigation does not constitute abusive litigation, the court shall enter written findings and the litigation shall proceed."

Here, the superior court's order states only that Rocha "has [not] engaged in abusive litigation." CP at 242. Because this sentence is an interpretation and application of legal principles to the facts of the case, this is not a factual finding, but a legal conclusion. The superior court made no factual findings as to why Strand was not entitled to relief. This failure is in violation of CR 52(a)(2)(C) and RCW 26.51.060(3).

Accordingly, we cannot engage in meaningful appellate review of the superior court's denial of Rocha's request to restrict abusive litigation because it is not clear what factual bases the superior court relied on to deny Rocha's request.

ATTORNEY FEES

Rocha argues that she is entitled to reasonable attorney fees on appeal under former RCW 10.14.090(2) because she had to respond to baseless arguments and has been subject to years of harassment inside and outside the legal system. We disagree.

RAP 18.1(a)-(b) provides for the recovery of reasonable attorney fees on appeal if "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review" and the party properly requests it. In an anti-harassment action, the trial court may require the respondent to reimburse the petitioner for reasonable attorney fees. Former RCW 10.14.090(2). Accordingly, we have discretion to award fees and costs. Because Rocha does not prevail on appeal, we deny her request for attorney fees.

CONCLUSION

First, we hold that Strand's challenges regarding the district court's protection order are moot. Second, we hold that the superior court had jurisdiction to issue the protection order. Third, we hold that the superior court erred when it failed to make specific findings of fact as to why it issued the protection order and denied the order restricting abusive litigation. Lastly, we refuse to review whether any findings are substantially supported by the evidence because the superior court did not make the required factual findings.

Accordingly, we vacate the protection order and the denial of the motion for an order restricting abusive litigation and remand with instructions to the superior court to make and enter necessary findings of fact and conclusions of law to be followed by the entry of an appropriate order based on those findings and conclusions.

No. 56175-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Maxa, J.

Price, J.