[No. 31808.   Department One.   January 10, 1952.]

JERRY WILKINSON *et al.*, *Appellants*, v. THE CITY OF TACOMA *et al.*, *Respondents.*[1]

*Arthur R. Paulsen,* for appellants.

*Clarence M. Boyle, Dean Barline, Fred C. Dorsey,* and *W. L. Brown, Jr.,* for respondents.

WEAVER, J.—This is an action for damages against Harry R. Gould and wife and the city of Tacoma. Defendant city demurred to the amended complaint on the ground that the

[1] Reported in 239 P. (2d) 344.

complaint failed to state facts sufficient to constitute a cause of action. The demurrer was sustained. The city was dismissed from the action, and plaintiffs have appealed.

The amended complaint alleges that plaintiff Sinclair was driving a car owned by plaintiff Wilkinson, in which the other plaintiffs were riding as guests; that a collision occurred with a truck owned by the city; that the truck was being driven by defendant Gould within the scope of his employment by the city; that, due to specific acts of negligence by Gould, including driving on the left-hand side of the street, plaintiff Wilkinson's car and the truck collided, causing personal injuries and property damage to plaintiffs; that proper claims were duly filed with the city and denied; and

"That said truck being driven by Defendant Harry R. Gould and owned by the Defendant City of Tacoma at all times herein mentioned was being used *for sprinkling in the maintenance of the streets of Defendant City of Tacoma.*" (Italics ours.)

This is the only allegation which in any way explains in what activity the city's truck was engaged at the time of the collision.

Defendant city states the question involved on this appeal as: "Is street sprinkling or flushing, or probably better stated, does street sprinkling or flushing come under the health phase of city operation, or is it a street maintenance?"

The question the city desires to present, and which the trial court considered, is whether, from the face of the amended complaint, it appears that the city's truck was being used in the exercise of a governmental function.

Courts are in apparent disagreement on the question of whether street sprinkling is a governmental or a proprietary function. The basis for this disagreement, however, is generally founded upon the factual pattern of each case. We do not have this pattern in the instant case. We are limited in our consideration to the allegations of the complaint, above quoted.

In cases holding that street sprinkling is a governmental function, the courts have found that the sprinkling was done to promote the public health or safety. In cases holding street sprinkling to be a proprietary function, the primary purpose of the sprinkling was found to be street repair in order to facilitate travel. 65 L. Ed. 1146, annotation; 156 A. L. R. 692, annotation; 18 McQuillin, Municipal Corporations (3rd ed.) 263, § 53.46.

We said, in *Hagerman v. Seattle*, 189 Wash. 694, 66 P. (2d) 1152, 110 A. L. R. 1110:

"A municipal corporation has a dual character and, consequently, performs a dual function. In its first aspect, it is governmental, public, or legislative; in its second, it is corporate, private, or proprietary. . . .

"Municipalities are not liable for the negligence of their officers and employees when engaged in the performance of governmental or public duties, but are liable for their negligence when performing duties consequent upon the exercise, by the municipality, of its corporate or private powers." (p. 696.)

In the same case, we also said:

"In passing, it may be noted that in at least the following instances, the doctrine of immunity does not apply; . . . (3) where the right of action is based on the failure of the municipal corporation to use ordinary care in maintaining its streets, sidewalks, and public ways in a reasonably safe condition for travel in the usual modes." (p. 698.)

We cannot, in this case, in the absence of facts defining the exact activity of the truck, determine, as an abstract proposition, whether the street sprinkling truck was engaged in a governmental or a proprietary activity. The phrase "sprinkling in the maintenance of the streets," is an equivocal one for our purpose. If it be construed to mean "sprinkling in order to promote the public health or safety," it may connote a governmental function. If it be construed to mean "sprinkling in order to keep the streets in a state of repair in order to facilitate travel," it may connote a proprietary function.

The mere statement of the rule, however, does not solve our difficulty. While not as definite and certain as might

be desired, as against a general demurrer, the allegation that the truck "was being used for sprinkling in the maintenance of the streets of Defendant City of Tacoma," is a well-pleaded fact.

■    All allegations of fact which are well pleaded, together with the reasonable inferences therefrom, are admitted by the demurrer, and are to be liberally construed with a view to substantial justice between the parties. *Cotton v. Morck Hotel Co.*, 32 Wn. (2d) 326, 201 P. (2d) 711. In *McMahan v. Mutual Benefit Health & Accident Ass'n*, 28 Wn. (2d) 202, 182 P. (2d) 4 (quoted with approval in *Marshall v. Chapman's Estate*, 31 Wn. (2d) 137, 195 P. (2d) 656), we said:

"In conformity with the provisions of the first of these statutes [Rem. Rev. Stat., § 285 (P.P.C. § 86-3)], this court has from early days consistently held that, in determining whether or not a complaint is sufficient as against a demurrer, the pleading will be liberally, not strictly, construed, and that 'even inferences from averments amounting to mere conclusions of law' will be construed in favor of the pleader." (p. 205.)

■■    We must adopt the construction most favorable to the pleader. Construed by the standard of the *McMahan* case, *supra*, we hold that the amended complaint states facts sufficient to constitute a cause of action against the city of Tacoma.

The judgment is reversed, with instructions to overrule the demurrer of defendant city of Tacoma to the amended complaint.

MALLERY, HILL, GRADY, and DONWORTH, JJ., concur.