[No. 32060. Department One. July 24, 1952.]

CLYDE SLATER et al., *Respondents*, v. HAROLD BIRD, *as Sheriff of Pierce County, et al., Appellants.*[1]

*H. E. Foster*, for appellants.

*W. L. Brown, Jr.*, and *H. F. Broomell*, for respondents.

MALLERY, J.—Joseph E. Netzel and wife borrowed approximately twenty-four hundred dollars from the plaintiffs, with which to buy an equity in a house upon which the United Mutual Savings Bank of Tacoma had a first mortgage. The Netzels gave the plaintiffs a second mortgage to secure the loan.

Thereafter, Hill R. Anthony brought a tort action and took a default judgment against the Netzels in the amount of $7,223.30. The Netzels, being insolvent and unable to meet any of their obligations to any of the parties mentioned herein, and being in arrears in their payments on the mortgages, sold the house to the plaintiffs, who assumed and paid the first mortgage.

Within thirty days thereafter, the Netzels filed a petition in bankruptcy. They listed Hill R. Anthony as an unsecured judgment creditor. One E. R. Johnson was appointed trustee in bankruptcy, and in that capacity brought an action in the superior court of Pierce county, Washington, seeking to

[1] Reported in 246 P. (2d) 460.

set aside the conveyance of the house to the plaintiffs herein and to secure the property for the benefit of creditors, including Hill R. Anthony. The judgment in that action was adverse to the trustee in bankruptcy.

Thereafter, the Anthonys assigned their default judgment to defendants Foster herein, who caused a special execution to issue against the house of the plaintiffs.

This action was brought by the plaintiffs to enjoin the sale of the house by the sheriff and to secure a decree that any judgment lien that might have accrued to Hill R. Anthony, as a judgment creditor of Joseph E. Netzel, was canceled and annulled by the adjudication in the prior action brought by the referee.

The defendants demurred to the amended complaint and the demurrer was overruled. Whereupon, the defendants refused to plead further and moved for judgment upon the pleadings. Judgment for the plaintiffs was entered accordingly, and the defendants appeal.

In determining whether or not a complaint is sufficient as against a demurrer, the pleadings, taken as a whole, will be liberally construed. RCW 4.36.050 [*cf.* Rem. Rev. Stat., § 285]; *McMahan v. Mutual Benefit Health & Accident Ass'n*, 28 Wn. (2d) 202, 182 P. (2d) 4. Allegations of well-pleaded facts, together with the reasonable inferences therefrom, are admitted by the demurrer to be true. *Puget Mill Co. v. Duecy*, 1 Wn. (2d) 421, 96 P. (2d) 571; *Cotton v. Morck Hotel Co.*, 32 Wn. (2d) 326, 201 P. (2d) 711.

Construed according to these rules, the allegations and inferences of the amended complaint that the defendants' judgment has been heretofore adjudicated as not being a lien upon plaintiffs' house, states a cause of action for the relief sought.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.