[No. 13805-4-III.    Division Three.    December 12, 1995.]

KENNETH DURHAM, ET AL., *Appellants*, v. RUTH MOE,
ET AL., *Respondents*.

*David I. Gedrose, Craig F. Schauermann,* and *Schauermann & Thayer,* for appellants.

*Patrick T. Roach* and *Roach Law Offices, P.S.;* and *J. Tappan Menard* and *Gavin, Robinson, Kendrick, Redman & Pratt,* for respondents.

MUNSON, J. — Kenneth and Janet Durham appeal the summary judgment denying their claim to proceeds of an annuity following the death of their son. They contend the annuity was purchased as part of a minor's settlement agreement in Illinois, which provided for payment to their son or to his estate. We affirm.

Blane Durham was bitten by a dog in 1981 when he was six years old, while living in Genoa, Illinois. In September 1983, the dog's owner, Albert Ebel, and Mr. Ebel's insurer, Insurance Company of North America (INA) entered into a settlement agreement with the Durhams. The agreement required Mr. Ebel to pay Blane's medical expenses and attorney fees plus a total of $114,810 in five equal installments to Blane or, if Blane was deceased, to his estate, beginning on Blane's 18th birthday, February 23, 1993. The agreement further provided Mr. Ebel was required to purchase, and had in fact purchased, an annuity contract in an amount sufficient to yield the agreed

payments; INA was to be the sole owner of the annuity with the right to change the beneficiary; and INA stipulated that it was liable for the payments required by the agreement.

The settlement agreement was approved by an Illinois court order in September 1983. Life Insurance Company of North America issued an annuity policy naming Blane Durham as the annuitant, INA/Aetna as the owner, Kenneth and Janet Durham as beneficiaries, with Blane's grandmother, Ruth Moe, as alternative beneficiary.

By the time Blane was 14 years old the family had moved to Washington. In 1989, he became estranged from his parents, petitioned for and obtained a juvenile court order authorizing his residential placement with other family members. In September 1991, the insurer received and approved a request from Blane asking to have his sister, Teresa, substituted as primary beneficiary and his maternal grandmother as alternative beneficiary. Blane was shot to death in March 1992. The Durhams moved for, and obtained in Illinois, a modification of the 1983 settlement approval order to reflect the fact of Blane's death and specify the installment payments were to be made to the administrator of Blane's estate. In February 1993, as Blane had requested, the insurer paid the first installment of $22,962 to Ruth Moe as Teresa's guardian. The Durhams commenced this action to enforce the Illinois court orders requiring payment to themselves as administrators of Blane's estate. Their claim was dismissed on summary judgment.

■■ Generally, full faith and credit must be given to judgments of sister states. *Idaho Dep't of Health & Welfare v. Holjeson,* 42 Wn. App. 69, 708 P.2d 661 (1985), *review denied,* 105 Wn.2d 1005 (1986). Nevertheless, when the judgment of a sister state has been entered without the benefit of an adversarial hearing, and significant facts have not been disclosed to the decreeing court, a Washington court may modify the judgment. *In re Rankin,* 76 Wn.2d 533, 536-37, 458 P.2d 176 (1969); *In re Hansen,* 24

Wn. App. 27, 599 P.2d 1304 (1979). Moreover, the courts have continuing jurisdiction in cases affecting the welfare of minor children, and in such cases Washington's courts may modify the judgment of a sister state. *Pippins v. Jankelson,* 110 Wn.2d 475, 754 P.2d 105 (1988); *see Rankin,* 76 Wn.2d at 535. In a case involving the welfare of a minor, the courts have a particular duty to protect the interests of the child, and may act sua sponte to correct perceived errors affecting the child's welfare. *In re Ivarsson,* 60 Wn.2d 733, 375 P.2d 509 (1962); *In re Deming,* 192 Wash. 190, 200, 73 P.2d 764 (1937).

While there is no indication that the Durhams knew of the change in beneficiary, they did know of the court's order approving a change of custody. The Illinois court was not informed of either of these changes. The trial court in Washington accordingly acted properly in declining to give full faith and credit to the Illinois judgment requiring INA to make payments to the parents.

The settlement agreement as approved in 1983 contained a provision permitting INA to make a change in beneficiary. The court properly modified the agreement requiring payment to Blane's estate in the event of his death and gave effect to Blane's instructions to INA making his sister and grandmother beneficiaries of the annuity.

Affirmed.

THOMPSON, C.J. and SWEENEY, J., concur.

After modification, further reconsideration denied January 11, 1996.

Review denied at 129 Wn.2d 1016 (1996).