[No. 22045-8-II.   Division Two.   July 31, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRISTOPHER WEED, *Appellant*.

*Craddock D. Verser,* for appellant (appointed counsel for appeal).

*David G. Skeen, Prosecuting Attorney,* and *Juelanne B. Dalzell, Deputy,* for respondent.

HUNT, J. — Christopher Weed appeals his conviction for unlawful possession of a firearm in the second degree. He argues that the Uniform Firearms Act, RCW 9.41, unambiguously requires the predicate offense to have been committed on or after July 1, 1993. The trial court ruled that the July 1, 1993, commission date applies only to the gross misdemeanors listed in the statute's second phrase, whereas Weed's predicate felony offense is included in the first phrase and was committed in 1979. We agree with the trial court and affirm.

## FACTS

In 1979, Christopher Weed was convicted of damaging a

car with explosives, a class C felony. When Weed was arrested for domestic violence in 1997, he turned over to police two rifles and a semi-automatic handgun. The State charged him with three counts of unlawful possession of a firearm in the second degree, RCW 9.41.040(1)(b).[1] That statute criminalizes possession of a firearm if a person has in the past been convicted of certain listed predicate offenses.

Before trial, Weed filed a motion to dismiss, arguing that his prior conviction is not a predicate offense included in RCW 9.41.040(1)(b)(i). The trial court denied his motion. Weed waived a jury trial and submitted the case on stipulated facts to the trial court. The court found Weed guilty on all three counts. He now appeals the trial court's interpretation and application of RCW 9.41.040(1)(b)(i).

## ANALYSIS

■■ A court may not engage in statutory construction if the statute is unambiguous on its face. *See State v. Bolar,* 129 Wn.2d 361, 366, 917 P.2d 125 (1996). A statute is ambiguous if it is susceptible of two or more reasonable interpretations. *See State v. McGee,* 122 Wn.2d 783, 787, 864 P.2d 912 (1993).

■ RCW 9.41.040(1)(b) is not ambiguous. The statute reads, in part:

> A person . . . is guilty of the crime of unlawful possession of a firearm in the second degree, if . . . the person owns, has in his or her possession, or has in his or her control any firearm:

> (i) After having previously been convicted in this state or elsewhere of any felony not specifically listed as prohibiting firearm possession under (a) of this subsection, *or* any of the following crimes when committed by one family or household member against another, committed *on or after July 1, 1993*: Assault in the fourth degree, coercion, stalking, reckless

---

[1] The State also charged Weed with one count of harassment, RCW 9A.46.020, but this charge was later dismissed.

endangerment in the second degree, criminal trespass in the first degree, or violation of the provisions of a protection order or no-contact order restraining the person or excluding the person from a residence . . . .

RCW 9.41.040(1)(b) (emphasis added).

Weed argues that "committed on or after July 1, 1993," in subsection (i), modifies both antecedent phrases. We disagree. The statute is unambiguous; "on or after July 1, 1993," modifies only the second antecedent phrase, "any of the following [domestic] crimes." The date is an integral part of the clause describing domestic misdemeanors.

First, the placement of the modifying phrase, "on or after July 1, 1993" indicates its application only to the phrase, "crimes committed by one household or family member against another . . . ." Moreover, the date is sandwiched between that phrase, announcing a list of crimes, and the colon immediately preceding the list of domestic crimes. The date is not juxtaposed with the beginning phrase "previously . . . convicted . . . of any felony" but, rather, falls in the middle of the second phrase, focusing exclusively on domestic crimes "committed by one family or household member against another . . . ."

█ Second, we presume "or" is used in a statute disjunctively to separate phrases unless there is clear legislative intent to the contrary. *See Bolar,* 129 Wn.2d at 365-66.[2] "[O]r" separates the phrases "a felony not specifically listed" and "any of the following crimes," such that "on or after July 1, 1993" is a part of the second phrase only and does not modify the first phrase. Moreover, it would be unreasonable to apply the date to the first clause because doing so would eliminate all pre-1993 serious

---

[2]Here there is no legislative intent to the contrary. In *Bolar,* the court interpreted the part of RCW 9.94A.360(6)(a)(i) that read "[t]he current sentencing court shall determine . . . whether those offenses shall be counted as one offense *or* as separate offenses . . . ." (Emphasis added.) The court found the statute unambiguous, stating "[t]he placement of the word 'or' in the statute . . . means that the sentencing judge has only the two choices . . ."; count the offenses as either separate offenses or as one offense, not a combination of the two. *Bolar,* 129 Wn.2d at 365-66.

offenses from firearm enhancement penalties—a result that the Legislature would clearly have expressed had it so intended.

Because we find no ambiguity in the statute, we need not address the remaining statutory construction arguments. Affirmed.

BRIDGEWATER, A.C.J., and SEINFELD, J., concur.

Review denied at 137 Wn.2d 1010 (1999).