IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Dependency of:

H.W.,

Minor child.

No. 87187-1-I

DIVISION ONE

PUBLISHED OPINION

COBURN, J. — Non-parent relative M.B. appeals the trial court's dismissal of her private dependency petition seeking court intervention on behalf of six-year-old H.W. M.B. contends that the court erred by determining that she is not entitled to bring a dependency action under RCW 13.34.040(1) and that she could not file a private dependency petition without first obtaining a probation officer's review of the petition under RCW 13.34.040(2). We agree with M.B., reverse, and remand for further proceedings.

FACTS

Six-year-old H.W. is the biological daughter of father K.W. and mother S.S. M.B. is the maternal cousin of S.S. In 2019 H.W. was born premature and tested positive for drugs in the hospital, which caused the hospital to make a report to the Department of Children, Youth, and Families (the Department). After H.W. remained in the hospital for about a month, she was released to her mother's care. H.W. lived with S.S. for a few

years. S.S.' sister temporarily cared for H.W. while S.S. engaged in substance abuse treatment. Starting in June 2023, K.W. assumed care of H.W.

S.S. died from a drug overdose in April 2024. In June M.B. filed a private dependency petition in King County Superior Court under RCW 13.34.040 and .030. The petition incorporated declarations from M.B. and H.W.'s great-aunt B.H.

In the petition, M.B. alleged that H.W. is a dependent child[1] under RCW 13.34.030(6)(b) because she "is abused or neglected [by father K.W.] as defined in chapter 26.44 RCW" or subsection (c) because she "has no parent, guardian, or custodian capable of adequately caring for [her], such that [H.W.] is in circumstances which constitute a danger of substantial damage to [her] psychological or physical development."

At the time the petition was filed, H.W. was staying with relatives in King County. In the petition, M.B. alleged that K.W. struggles with substance abuse and has relapsed twice since H.W. has been in his care. Starting in fall 2023, K.W. left H.W. in the care of non-relative and K.W.'s then-girlfriend D.B. in Tacoma. After he completed a 30-day treatment program, K.W. moved into a clean and sober house in Federal Way. However, M.B. alleged that as of June 2024, when she filed the petition, K.W. had left the clean and sober house and was living with a new girlfriend in South Seattle. During this time, H.W. has continued to remain in the care of D.B. in Tacoma.

---

[1] Under RCW 13.34.030(6), a "dependent child" is defined as a child who:
(a) Has been abandoned;
(b) Is abused or neglected as defined in chapter 26.44 RCW by a person legally responsible for the care of the child;
(c) Has no parent, guardian, or custodian capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development; or
(d) Is receiving extended foster care services, as authorized by RCW 74.13.031.

Though H.W. has periodically visited family members at their residences, H.W.'s family has not been allowed to check on H.W. at D.B.'s home. M.B. alleged that H.W. does not have a room at D.B.'s residence and sleeps at the end of D.B.'s bed. The petition also states that H.W.'s "family is aware that there was a shooting involving firearms between the teenage sons of [D.B.] and … father [K.W.]" In her attached declaration, B.H. expressed concern for H.W. staying in a home where firearms are stored and are possibly unsecured. B.H. stated that "[t]here is also a concern that someone in the stranger[] [D.B.'s] household may have abused [H.W.]" Prior to her death, S.S. contacted the Department and police several times to express concern about her daughter's care. B.H. and additional family members also previously contacted the Department to express their concern for H.W. B.H. never received a response from the Department.

In August K.W. filed a motion to dismiss M.B.'s dependency petition and for judgment on the pleadings under CR 12(c).[2] M.B. filed a response, to which K.W. later replied. Following a hearing on the motion, the trial court granted K.W.'s motion to dismiss "pursuant to CR 19 and RCW 13.34.040."

Finding that M.B. is not a real party in interest, the court concluded in its written order that "[w]hile any person can file a petition for a dependency under RCW 13.34.040, the statute cannot be interpreted to allow any person, including a person

---

[2] Under CR 12(c),

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [CR] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by [CR] 56.

3

who is not a real party in interest, to participate in every dependency case or to prosecute any dependency." The court found that M.B. could have joined the Department "as a necessary party or co-petitioner," but speculated that M.B. chose not to because the Department "determined that there was no need for a dependency proceeding as to [H.W.]"

The trial court also found that M.B. did not have her private dependency petition reviewed by a probation officer prior to its filing. The court concluded that RCW 13.34.040(2) mandates that a probation officer's review "operat[e] as a screening tool" for private dependency petitions, "which was not done here."

M.B. appeals.

## DISCUSSION

### Preliminary Matters

*A. RAP 10.3(a)(4)*

K.W. argues that this court should decline to review M.B.'s appeal because her opening brief does not comply with RAP 10.3(a)(4). This rule requires an appellant's brief to contain appropriate headings and assignments of error, which involves "[a] separate concise statement of each error" that the appellant "contends was made by the trial court, together with the issues pertaining to the assignments of error."

We agree that M.B.'s brief does not include a separate section identifying her assignments of error and thus fails to comply with RAP 10.3(a)(4). However, we do not determine cases and issues based on the extent to which the appellant complies with appellate procedural rules unless compelling circumstances exist where justice so requires. RAP 1.2(a). As such,

> [i]n a case where the nature of the appeal is clear and the relevant issues are argued in the body of the brief and citations are supplied so that the Court is not greatly inconvenienced and the respondent is not prejudiced, there is no compelling reason for the appellate court not to exercise its discretion to consider the merits of the case or issue.

State v. Olson, 126 Wn.2d 315, 323, 893 P.2d 629 (1995).

Here, M.B. appealed only one order of the trial court and the nature of her challenge is plain from her identification of the issues and her arguments. Her technical noncompliance with RAP 10.3(a)(4) is not an impediment to this court exercising its discretion to consider the merits of the appeal.

### B. M.B. is a Proper Party to Appeal this Action

K.W. argues that M.B. cannot appeal the trial court's dismissal of her private dependency petition because she is not an aggrieved party under RAP 3.1. We disagree.

For purposes of standing, "[o]nly an aggrieved party may seek review by the appellate court." RAP 3.1; In re Est. of Wood, 88 Wn. App. 973, 976, 947 P.2d 782 (1997). Washington courts have long held that an aggrieved party is one whose property, pecuniary, or personal rights were adversely affected by a trial court's decision, or a party upon whom a burden or obligation has been imposed. Randy Reynolds & Assocs., Inc. v. Harmon, 193 Wn.2d 143, 150, 437 P.3d 677 (2019). "The pertinent inquiry is whether the trial court entered a judgment that substantially affects a legally protected interest of the would-be appellant." Polygon Nw. Co. v. Am. Nat. Fire Ins. Co., 143 Wn. App. 753, 768, 189 P.3d 777 (2008).

We reject K.W.'s argument that M.B. must have a parental or quasi-parental relationship with H.W. to have a personal right that is substantially affected by the trial

5

court's dismissal order.

Here, M.B. challenges the trial court's outright dismissal of her private dependency petition prior to a fact-finding hearing on its merits. This appeal is thus distinguishable from the cases cited by K.W., which consider a party's standing to appeal a dependency judgment or disposition order decided on the merits of petitioner's case that may thus substantively affect the party's relationship with the child.[3] Rather, in the present case, the trial court's dismissal adversely affected M.B.'s personal right to bring a private dependency action under RCW 13.34.040(1) to request court intervention for the welfare of an alleged dependent child. Accordingly, M.B. is an aggrieved party and may appeal as a matter of right.

## C.  Location of Dependent Child under RCW 13.34.040(1)

K.W. contends for the first time on appeal that the trial court does not have jurisdiction to consider M.B.'s dependency petition. Citing RCW 13.34.040(1), K.W. asserts that a superior court's jurisdiction in dependency proceedings depends on the location of the alleged dependent child at the time the dependency petition is filed. He argues that because the petition at issue did not establish H.W. was located in King County as required under subsection (1), King County Superior Court did not have jurisdiction to proceed. We disagree.

---

[3] See In re Dependency of BF, 197 Wn. App. 579, 581, 586, 389 P.3d 748 (2017) (holding that mother had standing to appeal dependency dispositional order based on personal right as parent to child's safety and mending of family ties under RCW 13.34.020); In re Welfare of Hansen, 24 Wn. App. 27, 29-30, 35, 599 P.2d 1304 (1979) (holding that former guardians of children had standing to challenge dependency finding based on possible loss of relationship with children); In re Dependency of J.W.H., 106 Wn. App. 714, 718-19, 24 P.3d 1105 (2001), reversed on other grounds, 147 Wn.2d 687, 57 P.3d 266 (2002) (holding that non-parent intervenor-parties had standing to appeal agreed dependency order between parents, children's guardian ad litem, and state because determination could affect non-parent intervenors' third party custody action and their "established and loving" relationships with the children).

A party may raise the issue of a trial court's lack of jurisdiction for the first time on appeal.[4] RAP 2.5(a). RCW 13.34.040(1) provides in relevant part that "[a]ny person may file with the clerk of the superior court a petition showing that there is within the county, or residing within the county, a dependent child and requesting that the superior court deal with such child" under the dependency statutes, chapter 13.34 RCW.

K.W. relies on the Washington Supreme Court's decision in Moore v. Burdman, 84 Wn.2d 408, 526 P.2d 893 (1974), wherein the court held that "if the child is within the county and the petition alleges dependency, the court acquires jurisdiction to determine whether such dependency exists." Id. at 415.[5]

Since Moore, our state Supreme Court has clarified the distinction between a trial court's jurisdiction and the procedural issue of venue. In Dougherty v. Dep't of Labor & Indus., 150 Wn.2d 310, 315, 76 P.3d 1183 (2003), the court observed that "by intertwining procedural requirements with jurisdictional principles, the separate issues of venue and jurisdiction have been blurred." "As a result, unfortunately, procedural elements have sometimes been transformed into jurisdictional requirements." Dougherty, 150 Wn.2d at 315.

Venue and jurisdiction are distinct and separate concepts. Dougherty, 150 Wn.2d at 315. "'Jurisdiction is the power and authority of the court to act.'" ZDI Gaming, Inc. v. Wash. State Gambling Comm'n, 173 Wn.2d 608, 617, 268 P.3d 929 (2012) (internal

---

[4] M.B. argues that because K.W. raises an issue of venue and not jurisdiction, it cannot be raised for the first time on appeal. See RAP 2.5(a). While that may be, see A & W Farms v. Cook, 168 Wn. App. 462, 469, 277 P.3d 67 (2012), we cannot resolve the distinction without addressing the merits of the issue.

[5] The Moore court discussed former RCW 13.34.060 (1913), which was later recodified as RCW 13.34.040. LAWS OF 1977, ch. 291, § 32. The relevant language of the statute has not changed.

quotation marks omitted) (quoting Dougherty, 150 Wn.2d at 315). Two components make up jurisdiction: personal jurisdiction and subject matter jurisdiction. Freedom Found. v. Teamsters Loc. 117 Segregated Fund, 197 Wn.2d 116, 141, 480 P.3d 1119 (2021). "[I]f a court can hear a particular class of case, then it has subject matter jurisdiction," Buecking v. Buecking, 179 Wn.2d 438, 448, 316 P.3d 999 (2013), and all other issues point to something other than subject matter jurisdiction. Dougherty, 150 Wn.2d at 316. "Simply put, the existence of subject matter jurisdiction is a matter of law and does not depend on procedural rules." ZDI Gaming, Inc., 173 Wn.2d at 617. Because "the terminology of subject matter jurisdiction continues to pop up outside its boundaries like a jurisprudential form of tansy ragwort," courts must be vigilant in recognizing these distinctions. Cole v. Harveyland, LLC, 163 Wn. App. 199, 208, 258 P.3d 70 (2011). "'Elevating procedural requirements to the level of jurisdictional imperative has little practical value and encourages trivial procedural errors to interfere with the court's ability to do substantive justice.'" Dougherty, 150 Wn.2d at 319 (quoting Okanogan Wilderness League, Inc. v. Town of Twisp, 133 Wn.2d 769, 791, 947 P.2d 732 (1997) (Durham, C.J., concurring)).

The procedural question of venue goes to where the case will be heard. Dougherty, 150 Wn.2d at 316. "'The term venue denotes locality, referring to the county in which an action should be brought.'" Id. (quoting 92A C.J.S. Venue § 2, at 241-42 (2000)). Thus, "[s]tatutes which require actions to be brought in certain counties are generally regarded as specifying the proper venue and 'are ordinarily construed not to limit jurisdiction of the state courts to the courts of the counties thus designated.'" Id. (quoting 77 AM. JUR. 2d Venue § 44, at 651 (1997)); see also ZDI Gaming Inc., 173

8

Wn.2d at 617 (observing that "jurisdiction" has sometimes meant the place where a judicial proceeding shall occur and that "[w]here jurisdiction describes the forum or location of the hearing, it is generally understood to mean venue"). In practical application, though a court is not mandated to exercise its jurisdiction where venue is in another court, a court may nonetheless have jurisdiction where it is not the court of proper venue. Dougherty, 150 Wn.2d at 315; see also Shoop v. Kittitas County, 149 Wn.2d 29, 37, 65 P.3d 1194 (2003) (holding that venue statutes are not jurisdictional); Young v. Clark, 149 Wn.2d 130, 134, 65 P.3d 1192 (2003) (same).

Here, to interpret RCW 13.34.040(1)'s references to the county location of an alleged dependent child as jurisdictional would mean that a superior court may only consider dependency petitions that factually assert the child is located in the same county as the court. Our state Supreme Court has clarified that this application "is not … what 'type of controversy' means within the doctrine of subject matter jurisdiction.'" Dougherty, 150 Wn.2d at 317. The type or class of a case is instead "the general category [of a matter] without regard to the facts of the particular case," which includes "the nature of a case and the kind of relief sought." Id.

Superior courts in Washington enjoy broad jurisdictional authority under our state constitution. Orwick v. City of Seattle, 103 Wn.2d 249, 251, 692 P.2d 793 (1984). Article IV, section 6 of the Washington Constitution grants superior courts "original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." Superior courts are exclusively vested with subject matter jurisdiction in dependency proceedings. In re Dependency of L.S., 200 Wn. App. 680, 686, 402 P.3d 937 (2017).

The "type" of a dependency proceeding is the same whether it is heard in King County or some other county. See Dougherty, 150 Wn.2d at 317 (discussing the "type of case" in the context of industrial insurance appeals); see also ZDI Gaming Inc., 173 Wn.2d at 619-20 (holding that a statute that restricts the original jurisdiction of the superior court to one county is unconstitutional). Therefore, aligned with current jurisprudence regarding the principles of venue and jurisprudence, we hold that RCW 13.34.040(1)'s references to the county location of an alleged dependent child relate to the procedural question of the proper venue of dependency proceedings and not whether a superior court has jurisdiction to consider the dependency matter.

Because we decline to read the county language of RCW 13.34.040(1) as jurisdictional, K.W.'s argument must fail. However, even assuming arguendo that the county specifications of subsection (1) are jurisdictional, we conclude that M.B.'s dependency petition asserted that H.W. was in King County at the time the petition was filed in accordance with the plain language of the provision.

We interpret a statute de novo. State v. Gonzalez, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). In doing so, our primary objective is to ascertain and carry out the intent of the legislature. Tesoro Ref. & Mktg. Co. v. Dep't of Revenue, 173 Wn.2d 551, 556, 269 P.3d 1013 (2012). Where a statute is unambiguous, we derive the statute's meaning from its plain language. HomeStreet, Inc. v. Dep't of Revenue, 166 Wn.2d 444, 451, 210 P.3d 297 (2009). "Plain meaning 'is to be discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.'" Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010) (quoting State v. Engel, 166 Wn.2d

572, 578, 210 P.3d 1007 (2009)). We may rely on dictionary definitions to discern the ordinary meaning of nontechnical statutory terms. State v. Cooper, 156 Wn.2d 475, 480, 128 P.3d 1234 (2006). Every word in a statute must be given meaning. HomeStreet, Inc., 166 Wn.2d at 452.

RCW 13.34.040(1) authorizes any person to file a dependency petition with a superior court "showing that there is within the county, or residing within the county, a dependent child." The provision's use of "or" demonstrates that the location terms are disjunctive. See State v. Weed, 91 Wn. App. 810, 813, 959 P.2d 1182 (1998) ("[W]e presume 'or' is used in a statute disjunctively to separate phrases unless there is clear legislative intent to the contrary.").

We previously determined that "residing within the county" means something different than "within the county." In re Welfare of D.J.L., No. 45336-3-II, slip op. at 4 (Wash. Ct. App. April 29, 2014) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2045336-3-II%20%20Unpublished%20Opinion.pdf.[6] "Reside" means "'to dwell permanently or continuously … have one's residence or domicile,'" which is distinguishable from "'a place of temporary sojourn or transient visit.'" Id. at 4-5 (quoting WEBSTER'S THIRD INT'L DICTIONARY 1931 (1969)).

In the context of RCW 13.34.040(1), we observe that the preposition of "within" merely indicates a situation or circumstance whether the child is "in the limits or

---

[6] Both parties discuss D.J.L. in their briefing. Though unpublished opinions of this court have no precedential value and are not binding on any court, parties may cite an unpublished opinion filed after March 1, 2013 for its "persuasive value." GR 14.1(a). We may cite and discuss unpublished opinions where, as here, doing so is "necessary for a reasoned decision." GR 14.1(c).

compass of," such as "in … the scope or sphere of." MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/within (last visited July 1, 2025).

K.W. cites our decision in In re Gibson, 4 Wn. App. 372, 483 P.2d 131 (1971)[7] for the proposition that a child's brief stay with relatives in a county where the child does not reside is not sufficient to satisfy the child's location under RCW 13.34.040(1). This is not an accurate reading of this court's holding. Rather, we concluded in Gibson that the Pierce County Juvenile Court had jurisdiction where the children were physically within Pierce County at the time the petition was filed. Id. at 373-75. As a general matter, we agreed with the trial court that the location language of RCW 13.34.040(1) is designed to include situations where a child may physically be in one county and the child's parents reside in a different county. Id. at 374. "[T]he county in which the child is present does have jurisdiction to entertain a petition to deal with that child." Id.

In the instant case, M.B.'s petition alleged that H.W. was staying with relatives in King County at the time the petition was filed at King County Superior Court.[8] The petition thus established, at minimum, that M.B. was physically within the limits of King County to satisfy the plain language of RCW 13.34.040(1).

---

[7] Like the state Supreme Court in Moore, the Court of Appeals in Gibson addressed former RCW 13.34.060 (1913) that was recodified as RCW 13.34.040. Gibson pre-dated Moore and thus pre-dated our Supreme Court's later departure from interpreting county filing requirements as jurisdictional prerequisites. See Dougherty, 150 Wn.2d at 317, 319-20.

[8] K.W. complains that M.B. makes contradictory assertions in her petition. However, operating under the assumption for the sake of argument that the location-specific language in RCW 13.34.040(1) is jurisdictional and thus a basis for an affirmative defense, we must liberally construe pleadings, take them as a whole, and interpret them in a light most favorable to the pleader. Slater v. Bird, 40 Wn.2d 848, 849, 246 P.2d 460 (1952); Wilkinson v. City of Tacoma, 39 Wn.2d 878, 881, 239 P.2d 344 (1952); see CR 8(f), 12(b)(1).

K.W. argues that allowing a child who is merely visiting a county to be subject to a superior court's jurisdiction would allow family members to remove a child from the child's county of residence and file a private dependency proceeding anywhere else in the state "to weaponize jurisdiction." K.W. claims this is contrary to the purpose of dependency proceedings to protect and nurture the family unit. "Such policy debates are for the legislature to resolve, not the courts." State v. Costich, 152 Wn.2d 463, 479, 98 P.3d 795 (2004).

For the foregoing reasons, we reject K.W.'s jurisdiction argument.

<u>Trial Court's Order Dismissing Dependency Petition</u>

We turn now to the merits of M.B.'s appeal. The trial court provided three sources of authority to support its decision to dismiss: the real party in interest requirement, CR 19, and RCW 13.34.040(2). M.B. contends the trial court erred in its application of each of these bases. We agree.

*A. Real Party in Interest*

M.B. argues that the trial court erred by dismissing her private dependency petition because she is not a real party in interest and thus not entitled to bring a dependency action under RCW 13.34.040(1). We agree.

M.B. correctly observes that CR 17 is the rule governing real parties in interest. We generally review a trial court's decisions regarding the application of civil rules for an abuse of discretion. Sprague v. Sysco Corp., 97 Wn. App. 169, 171, 982 P.2d 1202 (1999); see also In re Dependency of R.H., 129 Wn. App. 83, 89, 117 P.3d 1179 (2005) (stating that civil rules generally apply to dependency proceedings). However, when a trial court bases a discretionary decision solely on the application of a court rule or

13

statute to particular facts, the issue is one of law that an appellate court reviews de novo. State v. Dearbone, 125 Wn.2d 173, 179, 883 P.2d 303 (1994); Watkins v. ESA Mgmt., LLC, 30 Wn. App. 2d 916, 921, 547 P.3d 271 (2024).

An appellate court applies the same principles to interpreting court rules that we apply to statutes. State v. Mankin, 158 Wn. App. 111, 122, 241 P.3d 421 (2010). Our aim is to determine and carry out the drafters' intent. Phongmanivan v. Haynes, 195 Wn.2d 309, 313, 458 P.3d 767 (2020). When words in a court rule or a statute are plain and unambiguous, further construction is not necessary and we apply the language as written. Mankin, 158 Wn. App. at 122; Enterprise Leasing, Inc. v. City of Tacoma, 139 Wn.2d 546, 552, 988 P.2d 961 (1999).

CR 17(a) generally requires that "[e]very action shall be prosecuted in the name of the real party in interest." "The real party in interest is the person who possesses the right sought to be enforced." Sprague, 97 Wn. App. at 176 n.2. The purpose of CR 17(a) is to protect an adverse party from subsequent claims by a party that is actually entitled to recover. Fitch v. Johns-Manville Corp., 46 Wn. App. 867, 869, 733 P.2d 562 (1987); Plese-Graham, LLC v. Loshbaugh, 164 Wn. App. 530, 538, 269 P.3d 1038 (2011). Importantly, the plain language of CR 17(a) expressly authorizes certain categories of persons to sue in their own name without joining the party for whose benefit the action is brought.[9] This includes "a party authorized by statute." CR 17(a).

---

[9] The rule provides:
An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in the party's own name without joining the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in

Here, RCW 13.34.040(1) expressly authorizes "[a]ny person" to file a dependency action on behalf of a dependent child "and request[] that the superior court deal with such child as provided [by the dependency statutes]." Applying the plain language of that statute, the trial court erred in dismissing M.B.'s private dependency petition since she plainly is "[a]ny person" as expressly contemplated by RCW 13.34.040(1).

Washington courts have acknowledged RCW 13.34.040(1)'s express authorization for any party to bring a dependency action without limitation. L.S., 200 Wn. App. at 690-91 (concluding that "[t]he dependency statutes do not compel our review of the issue" as to whether the Department is a necessary party to a dependency action because "[a]ny person" may file a dependency petition in superior court under RCW 13.34.040(1)); In re Dependency of Schermer, 161 Wn.2d 927, 942-43, 169 P.3d 452 (2007) (discussing statutes governing dependency actions); In re Dependency of E.H., 191 Wn.2d 872, 889, 427 P.3d 587 (2018) (lead opinion) (observing that any person may bring a dependency petition, including family members, and that the Department is not always a party); see id. at 899 (Stephens, J., concurring in part, dissenting in part) (agreeing with lead opinion in relevant part); id. (McCloud, J., concurring in part, dissenting in part) (same).[10]

K.W. does not provide argument for a contrary interpretation of RCW 13.34.040(1). See Peterson v. Dep't of Labor & Indus., 17 Wn. App. 2d 208, 237, 485

---

interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. CR 17(a) (emphasis added).

[10] The language of RCW 13.34.040(1) has remained unchanged throughout amendments to the statute that have occurred since the publication of these cited decisions.

P.3d 338 (2021) ("Where a party does not cite to such authority, we assume there is none."). Indeed, K.W. seemed to concede at oral argument that M.B. is authorized by statute to bring a dependency action as "any person." Wash. Court of Appeals oral argument, In re Dependency of H.W., No. 87187-1-I (June 4, 2025), at 8 min., 55 sec. through 9 min., 46 sec.; 10 min., 22 sec. through 11 min., 35 sec., video recording by TVW, Washington State's Public Affairs Network, https://www.tvw.org/watch/?clientID=9375922947&eventID=2025061123. We conclude there can be no serious dispute that M.B. is entitled to bring a dependency action under the plain language of RCW 13.34.040(1).[11]

*B. CR 19*

M.B. argues that she was not required to join the Department as a necessary party under CR 19. CR 19 governs the joinder of necessary parties,[12] ensuring that a

---

[11] The trial court cites in its written order to Troxel v. Granville, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000) (plurality opinion), to support the court's conclusion that RCW 13.34.040 "cannot be interpreted to allow any person, including a person who is not a real party in interest, to participate in … or to prosecute any dependency." The trial court's reliance on Troxel's limited holding is misplaced.

The U.S. Supreme Court in Troxel affirmed the judgment of the Washington Supreme Court that determined a statute authorizing any person to seek visitation at any time without a threshold showing of harm unconstitutionally interfered with parents' due process rights to raise their children. Id. at 61-63, 75. The court held that the "breathtakingly broad" statute impermissibly allowed visitation to be granted to a nonparent merely based on the trial court's opinion of what was in the best interest of the child. Id. at 67-70, 72-73.

The Supreme Court plainly limited its holding to the impermissible "sweeping breadth" of the nonparent visitation statute and declined to define the precise scope of the parental due process right in the visitation context. Id. at 73. Troxel does not stand for the proposition that a nonparent cannot seek court intervention in the best interest of a child—in the visitation context or beyond.

[12] CR 19 provides in part:
Persons to Be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical

16

party be joined to an action if needed for its just adjudication. <u>Crosby v. County of Spokane</u>, 137 Wn.2d 296, 306-07, 971 P.2d 32 (1999).

In its written order, the trial court observed that M.B. "could have sought to have [the Department] joined as a necessary party or co-petitioner" but speculated she did not "because [the Department] had already determined that there was no need for a dependency proceeding as to [H.W.]." The court surmised in its oral ruling:

> Certainly somebody at some point could have joined the Department, but I suspect that the reason that didn't happen is from [K.W.'s] end it wasn't necessary or appropriate, because the Department didn't want to get involved. And for [M.B.'s] end, that would've been interference [she] didn't want, because the Department didn't want to be involved because it didn't see any reason. I suspect if the Department was involved as a party, the Department would be working on an agreed order of dismissal.

M.B. was not required to add the Department as a joined party. This court has previously observed that the dependency proceeding statutory scheme does not require the Department to be a party in every dependency proceeding. <u>L.S.</u>, 200 Wn. App. at 690-91. Rather, "statutory language calls for the court to make a case-by-case determination of necessary parties other than those designated." <u>Id.</u> at 691 (citing RCW 13.34.070).[13] Such parties must be issued a summons by the petitioner "requiring them

---

matter impair or impede the person's ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and the person's joinder would render the venue of the action improper, the joined party shall be dismissed from the action.

CR 19(a).

[13] RCW 13.34.070(1) states that
> [u]pon the filing of the petition, the petitioner shall issue a summons, one directed to the child, if the child is twelve or more years of age, and another to the parents, guardian, or custodian, and such other persons as appear to the court to

to appear personally before the court at the time fixed to hear the petition." RCW 13.34.070(1). The court made no such determination that the Department was a necessary party and, instead, speculated as to what, if any, conclusion the Department had made in regard to H.W.

The trial court's ruling overlooked the imperative function of private dependency actions to support the state in fulfilling its parens patriae duty to protect the health and safety of children when jeopardized. "It is well established that when a child's physical or mental health is seriously jeopardized by parental deficiencies, 'the State has a parens patriae right and responsibility to intervene to protect the child.'" Schermer, 161 Wn.2d at 941-42 (quoting In re Sumey, 94 Wn.2d 757, 762, 621 P.2d 108 (1980)). In balancing the legal rights of parents against a child's rights, courts must uphold the child's welfare as the primary consideration. Id. at 942 (citing RCW 13.34.020); In re Sego, 82 Wn.2d 736, 738, 513 P.2d 831 (1973). "Consequently, when the rights of parents and the welfare of their children are in conflict, the welfare of the minor children must prevail." Sego, 82 Wn.2d at 738.

To practically address this concern, the legislature provided for dependency proceedings through which a child may be declared "dependent" to transfer legal custody of the child to the state. Schermer, 161 Wn.2d at 942. "'[T]he goal of a dependency hearing is to determine the welfare of the child and his best interests.'" Id. (quoting In re Welfare of Becker, 87 Wn.2d 470, 476, 553 P.2d 1339 (1976)). At a dependency fact-finding hearing, the petitioner has the opportunity to "establish[] by a

---

be proper or necessary parties to the proceedings, requiring them to appear personally before the court at the time fixed to hear the petition.

preponderance of the evidence that the child is dependent." RCW 13.34.110(1); see RCW 13.34.070.

Our state Supreme Court "has discussed the importance of retaining the relatively lenient preponderance standard in a dependency proceeding, noting that dependency has the important function of allowing state intervention in order to remedy family problems and provide needed services." Schermer, 161 Wn.2d at 942. "[C]ourts have broad discretion and are allowed considerable flexibility to receive and evaluate all relevant evidence in reaching a decision that recognizes both the welfare of the child and parental rights." Becker, 87 Wn.2d at 478. Such a decision requires the court to exercise "careful individual treatment." Id. at 477.

It is axiomatic that dependency cases are complex. See id. There may be many reasons a private party wishes to take it upon themselves to file for a child's dependency rather than seeking assistance from the Department. See Standing, 2 HANDLING CHILD CUSTODY, ABUSE AND ADOPTION CASES § 12:4 Dependency and Neglect (Dec. 2024) ("A private dependency petition may be preferable to a state agency petition to gain procedural control of the hearing, to keep the child in a private instead of state placement, or …. where the agency is unwilling to file a petition which the private petitioner feels is warranted."). For example, dependency actions allow a private party to step in to request court intervention on behalf of a child where the Department may not be responsive or is not responding as efficiently as desired. See id.

Indeed, here, M.B.'s petition alleges that H.W.'s late mother and family relatives reached out to the Department to express their concerns. H.W.'s great-aunt never received a response. The fact that the state has not responded to expressed concerns

about a child is not on its own evidence that such concerns are not justifiable. See, e.g., Laura Oren, The State's Failure to Protect Children and Substantive Due Process: Deshaney in Context, 68 N.C. L. REV. 659, 726 (1990) ("Systemic deficiencies may exist due to underfunding, understaffing, or failure to train properly, even in the face of the agency's knowledge of the dangerous results for the children in their care.").[14]

Additionally, in accordance with the legislature's declaration that the family unit should remain intact unless a child's right to welfare is jeopardized, the Department should not seek a dependency where there is a fit parent for a child. Dependency, 19 WASH. PRAC., FAM. AND COMMUNITY PROP. L. § 20:7 (citing RCW 13.34.020). However, the Department may not know there is a fit parent if paternity has yet to be established, a parent is out of state or in the military, or if the other parent has simply not been responsive to the Department—or as asserted in this case—is unavailable. Id. It is in such situations, and others, that a private party may have access to more current information to support the filing of a dependency petition.

Finally, we observe that even if the trial court had concerns about the Department's absence from the dependency action in the present case, it could have ordered the Department to be joined. See RCW 13.34.070(1). Instead, the court suggested that M.B. could not bring a dependency on her own without joining the Department as a real party in interest. This was error.

C. RCW 13.34.040(2)

M.B. next argues that the trial court erred by dismissing her private dependency

---

[14] We do not suggest that these factors were at play in the instant matter based on the record before us. We only mention them to illustrate that a trial court should not blindly assume the Department's inaction represents an evaluation of the merits of a private party's expressed concern for a child.

petition on the basis that a county probation officer did not review her petition prior to its filing. We agree.

We briefly revisit the record to provide additional context. In his motion to dismiss filed on August 15, 2024, K.W. asserted that M.B.'s private dependency petition should be dismissed because she did not comply with RCW 13.34.040(2) by having her petition reviewed and certified by a King County probation officer as reasonably justifiable prior to its filing. Attached to her response, M.B. filed an email exchange between her counsel and a King County juvenile court services manager.

In the August 20 email exchange, M.B.'s counsel asks the manager whether a juvenile probation counselor or probation officer "has ever reviewed a private dependency in King County" to determine whether the petition is reasonably justifiable under RCW 13.34.040(3). The manager answered that while probation officers in other counties review private dependency petitions, it "is not the practice here in King County."

At the dismissal motion hearing, M.B.'s counsel referenced the email from the juvenile court services manager, arguing that it established that probation officers do not review private dependency petitions in King County. The trial court confirmed it had reviewed and considered the emails "indicating that it's not King County's practice to review these petitions." Nonetheless, the court found that M.B. failed to comply with the provision's requirement to have her private dependency petition screened by a King County probation officer under RCW 13.34.040(2).

M.B. argues that RCW 13.34.040(2) does not impose a jurisdictional or mandatory requirement for a private dependency petitioner to have their petition

reviewed prior to submitting it for a court's consideration.

To interpret RCW 13.34.040(2), we first look to its plain language to give effect to the legislature's intent. City of Seattle v. Holifield, 170 Wn.2d 230, 237, 240 P.3d 1162 (2010); Bennett, 166 Wn. App at 484. RCW 13.34.040(2) provides that:

> Except where the department is the petitioner, in counties having paid probation officers, these officers shall, to the extent possible, first determine if a petition is reasonably justifiable.

K.W. argues that the word "shall" establishes that a private dependency petitioner has a duty to have their petition certified[15] as reasonably justifiable[16] by a probation officer prior to its filing in a county that has paid probation officers.

"It is well settled that the word 'shall' in a statute is presumptively imperative and operates to create a duty, rather than to confer discretion." In re K.J.B., 187 Wn.2d 592, 601, 387 P.3d 1072 (2017). However, the plain language of the provision does not place a burden on the petitioner or otherwise refer to a petitioner's conduct. The provision plainly refers to the conduct of paid probation officers. "While we read the statutory language in its full context, we do not add words to the legislation." Hall v. Walgreens Boots All., Inc., No. 102829-6, slip op. at 5 (Wash. Mar. 20, 2025), https://www.courts.wa.gov/opinions/pdf/1028296.pdf.

---

[15] In his motion to dismiss and briefing, K.W. included an image of the purported mandatory pattern court form for dependency petitions, which shows a place for a probation officer to sign to certify that they reviewed the petition and determined it is reasonably justifiable.

[16] Because the issue is not before us and it is not necessary to our decision in this case, we do not opine as to the meaning of "reasonably justifiable" under RCW 13.34.040(2). See Bird v. Best Plumbing Grp., LLC, 175 Wn.2d 756, 775, 287 P.3d 551 (2012) ("It is a long settled rule that we decide only those questions that 'are necessary for a determination of the case presented for consideration, and will not render decisions in advance of such necessity, particularly when the question ... involves the construction of a statute.'") (quoting Johnson v. Morris, 87 Wn.2d 922, 931, 557 P.2d 1299 (1976)).

The facilitation of a paid probation officer's duty to review private dependency petitions is clarified by RCW 13.04.040 of the Basic Juvenile Court Act, ch. 13.04 RCW. The statute governs probation officers' powers and duties and provides in relevant part that

> [t]he probation counselor shall … [r]eceive and examine referrals to the juvenile court[17] for the purpose of considering the filing of a petition or information pursuant to chapter 13.32A or 13.34 RCW or RCW 13.40.070.

RCW 13.04.040(1) (emphasis added). The provision does not limit a probation officer's duty to review a private dependency petition based on who submits the referral. RCW 13.04.040(1) provides the authority by which a probation officer may be requested to review a private dependency petition.[18]

Here, the trial court dismissed M.B.'s private dependency petition based on the finding that M.B. did not comply with RCW 13.34.040(2). The court cited no statute or local rule that supports its conclusion that a private dependency petitioner shoulders the burden of having their petition screened by a probation officer prior to filing it in King County Superior Court.

K.W. asserts that the mandatory pattern court form for a dependency petition filed under RCW 13.34.040 incorporates, under Section IV, the pre-filing requirement for a private dependency petitioner to obtain a probation officer's review of their petition. K.W. did not submit the entire form into the record but included what appears to be a

---

[17] "'Court' when used without further qualification means the juvenile court judge(s) or commissioner(s)." RCW 13.04.011(2).

[18] Because the issue is not before us in this appeal, we do not opine as to how a county may set up its local procedures to receive and respond to private dependency referrals under RCW 13.34.040(2) and 13.04.040(1). We only note that in terms of counties' resources, systems, and other practical policy considerations, "[i]t is the role of the legislature, not the judiciary, to balance public policy interests and enact law." Rousso v. State, 170 Wn.2d 70, 92, 239 P.3d 1084 (2010); see CONST. art. II, § 1.

screen capture of Section IV of the form WPF JU.03.0100 in K.W.'s written motion to dismiss. The effective date of the form that K.W. cites to appears to be August 2023. The petition form that M.B. filed appears to be an older version of form WPF JU 03.0100 with an effective date of January 2021 and does not include a Section IV. K.W.'s reliance on the form is unpersuasive.

First, Section IV provides for a signature line under the statement: "The Petitioner is not DCYF and _____ County has paid probation officers. The below signed probation officer, to the extent possible, has determined that the petition is reasonably justifiable." This language does not indicate that it is the petitioner's burden to obtain the probation officer's review of the petition prior to its filing. Second, though standardized court forms are mandatory in dependency matters commenced under chapter 13.34 RCW, see RCW 13.34.035, they are not the law. See Univ. of Wash. v. Gov't Emps. Ins. Co., 200 Wn. App. 455, 475, 404 P.3d 559 (2017) (stating that pattern jury instructions are not authoritative sources of the law and not binding on trial courts). K.W. conceded as much at oral argument. Wash. Ct. of Appeals oral argument, supra, at 14 min, 12 sec. through 14 min, 20 sec. The dependency statutes further specify that the "[f]ailure by a party to use the mandatory forms or follow the format rules shall not be a reason to dismiss a case, refuse a filing, or strike a pleading." RCW 13.34.035(3).

Moreover, the form does not preclude the possibility of a superior court, after receiving a private dependency petition, to then refer it to a juvenile probation officer for review prior to a court hearing. The record is otherwise void of any explanation as to why the court in the instant case could not have continued the hearing and, as authorized by RCW 13.04.040(1), referred the petition to juvenile court for a probation

counselor's review. M.B. submitted evidence suggesting that King County Superior Court did not have a procedure instructing private dependency petitioners as to how to submit their petition for review by a probation officer. Despite this, the court blamed M.B. for noncompliance with RCW 13.34.040(2) and treated it as a procedural bar to the court's consideration of the private dependency petition. The termination of the petition on this basis was improper.

In terminating M.B.'s private dependency petition filed on behalf of H.W., the trial court effectively shirked its responsibility to protect the interests of an allegedly dependent child. Though the family unit is recognized as a fundamental resource that should be nurtured and kept intact, this aim falls back where "a child's right to conditions of basic nurture, health, or safety is jeopardized." RCW 13.34.020. Courts should position a child's health and safety as its foremost consideration when applying dependency laws. Id.; In re Welfare of B.D.F., 126 Wn. App. 562, 570, 109 P.3d 464 (2005); Sego, 82 Wn.2d at 738.

Courts must hold a fact-finding hearing on a dependency petition within 75 days after the petition is filed absent exceptional circumstances. RCW 13.34.110(1), .070. A fact-finding hearing provides an opportunity for the petitioner to establish by a preponderance of evidence that the child is dependent. RCW 13.34.110(1). Dependency proceedings are not traditionally adversarial but preliminary and remedial, and designed to protect children from harm, mitigate problems that led to intervention, and to reunite families. In re Dependency of P.H.V.S., 186 Wn. App. 167, 181, 339 P.3d 225 (2015). The purpose of a dependency hearing is for the court to consider the merits of the petitioner's allegations and to determine the welfare and best interests of the

25

child. B.D.F., 126 Wn. App. at 570. "In contested dependency or placement proceedings, 'giving interested parties a meaningful opportunity to present evidence coincides with the best interests of the child.'" R.H., 129 Wn. App. at 90 (quoting In re Dependency of R.L., 123 Wn. App. 215, 223, 98 P.3d 75 (2004)).

A court thus jeopardizes the best interests of a child where it dismisses a petitioner's dependency action outright based on an untenable procedural prerequisite. "The courts possess equitable powers to act in the best interests of children, powers ultimately derived from the King's—and then the State's—prerogative to act in parens patriae for his subjects." In re Dependency of A.N.C., 24 Wn. App. 2d 408, 423, 520 P.3d 500 (2022) (citing Chandler v. Chandler, 56 Wn.2d 399, 403, 353 P.2d 417 (1960)). "In a case involving the welfare of a minor, the courts have a particular duty to protect the interests of the child, and may act sua sponte to correct perceived errors affecting the child's welfare." Durham v. Moe, 80 Wn. App. 88, 91, 906 P.2d 986 (1995). As shown in the instant case, a court neglects this unique responsibility where it imposes an invented procedural duty upon a dependency petitioner in lieu of reaching the merits of the petitioner's concerns regarding an alleged dependent child.[19]

## CONCLUSION

We reverse and remand for further proceedings consistent with this opinion as well as for the trial court to consider the merits of K.W.'s CR 12(c) motion for judgment on the pleadings. Subsequently, unless the dependency petition is withdrawn or

---

[19] M.B. argues that RCW 13.34.040(2) unconstitutionally grants power to a probation officer to allow or prohibit a private party to file a lawsuit in place of a judicial officer in violation of Article IV, Section 6 of the Washington Constitution and that such decisions violate state and federal procedural due process protections. Because the record does not present a determination or decision by a probation officer dismissing M.B.'s private dependency petition, we do not address this argument. See RAP 2.5(a).

26

properly dismissed, the trial court, absent exceptional circumstances, shall hold a fact-finding hearing as required under RCW 13.34.110(1). R.H., 129 Wn. App. at 87; see RCW 13.34.070(1). In carrying out these instructions on remand and recognizing the length of time that has passed since M.B. first submitted the petition, we note that nothing prohibits the trial court from exercising its discretion to allow the parties to supplement the record to apprise the court of current materially relevant circumstances regarding H.W.[20] See In re Guardianship of Way, 79 Wn. App. 184, 192, 901 P.2d 349 (1995) (recognizing that situations involving dependent children are fluid and ever-changing).

_Coburn, J._

WE CONCUR:

_Feldman, J._        _Díaz, J._

---

[20] After K.W. filed his response brief, M.B. filed a motion to supplement the record. Mot. at 1-2 (April 11, 2025). Because we reverse the trial court's dismissal of M.B.'s dependency petition, we deny her motion as moot.